EMMA A. SIEBERN, Respondent, v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.— Plaintiff, a beneficiary, sued to recover the proceeds of a life insurance policy issued by defendant on March 10, 1941, upon the life of her husband. Defendant in its answer alleged material misrepresentations in that the insured in his application stated that in 1940 he consulted Dr. Wolff and the purpose of the consultation was for a "bunion of left foot." That physician, testifying on behalf of defendant, stated that on four different occasions in 1940 he treated the assured for something other than a bunion. The witness was then interrogated with respect to the history of the complaints concerning which the insured consulted him, and his findings, as well as the tests he made and the treatment he prescribed. To these questions plaintiff objected

on the ground that such testimony was barred by section 352 of the Civil Practice Act and the court sustained the objection. Defendant moved for a directed verdict invoking subdivision 4 of section 149 of the Insurance Law, which, so far as material, reads: " A misrepresentation that an applicant for life * * * insurance has not had previous medical treatment, consultation or observation, or has not had previous treatment * * * shall be deemed, for the purpose of determining its materiality, a misrepresentation that the applicant has not had the disease, ailment or other medical impairment for which such treatment * * * was given or which was discovered by any licensed medical practitioner as a result of such consultation or observation. If in any action to rescind any such contract or to recover thereon, any such misrepresentation is proved by the insurer, and the insured or any other person having or claiming a right under such contract shall prevent full disclosure and proof of the nature of such medical impairment, such misrepresentation shall be presumed to have been material." The court held that the statute did not apply, as plaintiff — the widow and beneficiary — has no power to waive the statutory prohibition against testimony by a physician, and that only the personal representative of the deceased patient may waive and, hence " It is the statute itself that prevents the disclosure, rather than the objections by the widow or her attorney * * * ." The court thereupon directed judgment for plaintiff, and defendant appeals. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The statute (Insurance Law, § 149, subd. 4) applied and the presumption operated, and defendant prima facie established its defense. Subdivision 2 of section 149 of the Insurance Law provides: " No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract." Upon disclosure of the facts it will be for the trier of the facts to determine whether knowledge of the ailments for which the insured consulted Dr. Wolff and the latter treated him were or were not such as would have led the defendant to refuse to make the contract. Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur. [See *post*, p. 942.]