BENJAMIN H. ROTH, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Trial Term, New York County, December 14, 1945.

**404**

*Lloyd B. Kanter* for plaintiff.

*Leo D. Fitzgerald* for defendant.

PECK, J. This is an action by the beneficiary of an insurance policy, not the personal representative of the deceased insured, to recover the face amount of a policy issued by the defendant. The defenses are that the policy did not become effective because the insured was not in good health at the time of the payment of the first premium, and that the policy was rescinded by the defendant because of material misrepresentations made in the application as to the state of health of the insured. The misrepresentations consist of statements that the insured was in good health at the time of the application, and had no illness and had not consulted or been treated by a physician within the past five years. The facts are that during the five years preceding the issuance of the policy the insured had been treated on several occasions by two physicians.

Upon objection by plaintiff's counsel, the court excluded the testimony of the doctors as to the nature of the illness from which the insured suffered at the times they treated him. The decision in the case, therefore, turns upon the applicability to the case of section 149 of the Insurance Law, particularly subdivision 4, which provides that if any misrepresentation as to medical treatment or consultation is proved, and the insured or any other person having or claiming a right under such contract shall prevent full disclosure and proof of the nature of such medical impairment, such misrepresentation shall be presumed to have been material. The defendant claims that it is entitled to judgment pursuant to this provision of

law upon its showing that the insured misrepresented his health history and concealed his medical consultations. The plaintiff contends that in the absence of proving the nature of the medical consultations and consequent materiality of the misrepresentation the defense cannot hold, and that the defendant is not entitled to the benefit of section 149 of the Insurance Law because the plaintiff, not being the personal representative of the insured, did not have the authority to waive the privilege as to the medical testimony.

While in the affirmative sense of waiver, the plaintiff did not have the authority as the representative of the insured to waive the insured's privilege (*Westover* v. *Ætna Life Ins. Co.*, 99 N. Y. 56), the established attitude of the law toward the privilege is that it is not automatic or absolute in the absence of waiver, or to be insisted upon at the initiative and compulsion of the court, but rather that the testimony will be admitted in the absence of objection (*Hoyt* v. *Hoyt*, 112 N. Y. 493). The objection may come from any party to the litigation, whether or not the personal representative of the insured, and upon objection being made, in the absence of waiver, the court is obliged to exclude the testimony. That being the case, subdivision 4 of section 149 of the Insurance Law is applicable because full disclosure of the nature of the medical treatment has been prevented by the plaintiff's objection. (*Siebern* v. *Mutual Life Ins. Co. of N. Y.*, 269 App. Div. 846.)

It seems quite clear from the wording of the Insurance Law that its intention was broader than plaintiff claims. It not only is not confined to prevention of disclosure by one having the authority to waive the privilege, but extends to the prevention of full disclosure by *any* person having or claiming a right under the insurance contract. The plaintiff here is such a person and full disclosure was prevented by his objection. The consequence is that the court must presume the misrepresentations made by the insured to have been material and award judgment to the defendant.

The foregoing is the decision of the court. Settle judgment.