Per Curiam.

The court should not have excluded the physician’s testimony unless objected to by one of the parties (Roth v. Equitable Life Assur. Soc., 186 Misc. 403, affd. 270 App. Div. 923). In the interests of justice a new trial should be had.
If objection to the medical testimony is raised by the plaintiff, then the presumption that the ailment was material should be applied (Insurance Law, § 149, subd. 4). If no objection is .raised it will then be for the trier of the facts to determine after full disclosure of the insured’s ailment whether defendant would have issued the policy if aware of her condition (Sieburn v. Mutual Life Ins. Co., 269 App. Div. 846).
The judgment should be unanimously reversed on the law and a new trial granted, with $10 costs to the appellant to abide the event.
Pette, Hart and Di Giovanna, JJ., concur.
Judgment reversed, etc.