BEATRICE KAMEN, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

First Department, October 7, 1958.

*David R. Crow* of counsel (*Tanner, Friend, Kinnan & Post,* attorneys), for appellant.

*Abraham Gruber* for respondent.

McNALLY, J. Defendant-appellant appeals from an order granting plaintiff's motion for summary judgment and from the judgment entered thereon in an action on a life insurance policy. The policy is dated June 18, 1956. The insured was the husband of the plaintiff and defendant undertook, upon the death of the insured, to pay to the plaintiff the principal sum of $10,000, together with monthly installments of $100 until June, 1976, when the additional principal sum of $10,000 was to be paid. The sum here sought is the commuted value of the sums payable, alleged to be $24,799.10.

The insured's application for the policy denied that he had been treated for a heart condition. The answer alleges, upon information and belief, that the insured was under the care of a physician or physicians for about 12 years for coronary arteriosclerotic heart disease; the affidavit in opposition, by the assistant general counsel of defendant, alleges that the insured had been examined and treated for a heart condition.

Subdivision 4 of section 149 of the Insurance Law provides that a misrepresentation by an applicant for life insurance that he has not had previous medical treatment is to be deemed a misrepresentation that the applicant has not had the disease for which he was treated, or which was discovered by his physician; it also provides that if such misrepresentation is proved by the insurer, and the insured or any other person having a right under the contract shall prevent full disclosure,

the misrepresentation shall be presumed to be material. (See *Lindenbaum* v. *Equitable Life Assur. Soc. of the U. S.*, 5 A D 2d 651; *Siebern* v. *Mutual Life Ins. Co. of N. Y.*, 269 App. Div. 846.)

*Suslensky* v. *Metropolitan Life Ins. Co.* (180 Misc. 624 [Shientag, J., App. Term, 1st Dept.], affd. 267 App. Div. 812) held that in an action on an insurance policy to recover for accidental death brought by the wife of the insured, the fact that the defendant genuinely lacked knowledge of the facts constituting the plaintiff's claim is sufficient to require a denial of summary judgment to the plaintiff. In that case, the moving affidavit showed the cause of death and affirmatively alleged facts establishing the absence of an intent to commit suicide. In the case at bar, the plaintiff relies upon the policy, the death certificate, an allegation of due performance, and a denial of merit in respect of the defense. Plaintiff does not allege the circumstances of the death of the insured, nor does she affirmatively allege facts which demonstrate the asserted defense is sham.

It is the legislative policy to prevent a beneficiary of a life insurance policy from withholding material information bearing upon affirmative representations in the application therefor (Insurance Law, § 149, subd. 4). In support of this application for summary judgment, plaintiff wife was required to demonstrate that the insurer's defense is sham. Plaintiff failed to sustain the required burden. (*Suslensky* v. *Metropolitan Life Ins. Co., supra*; *Warren* v. *Commercial Travelers Mut. Acc. Assn. of America*, 271 App. Div. 989 [1st Dept.]; *Newman* v. *Newark Fire Ins. Co.*, 281 App. Div. 852 [2d Dept.]; *Verity* v. *Peoples State Bank of Baldwin*, 1 A D 2d 833 [2d Dept.].) The order and judgment should be reversed on the law, and the motion denied, with costs.

Rabin, J. P., M. M. Frank, Valente and Stevens, JJ., concur.

Order and judgment unanimously reversed on the law, with costs of this appeal to the appellant and the motion for summary judgment is denied, with $10 costs.