**FLEET MESSENGER SERVICE, INC.,**
**Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

United States District Court
S. D. New York.

May 10, 1962.

Proskauer, Rose, Goetz & Mendelsohn, New York City, Jacob Imberman, New York City, of counsel, for plaintiff.

Tanner, Friend, Kinnan & Post, New York City, Edward T. Post, William J. Curran, New York City, of counsel, for defendant.

LEVET, District Judge.

In this action by plaintiff-beneficiary, Fleet Messenger Service, Inc., to recover the proceeds of a life insurance policy issued by defendant-insurer, an attorney representing the widow and personal representatives of the deceased-insured, none of whom are parties to this action, seeks to invoke the physician-patient privilege to exclude certain testimony by physicians of the deceased-insured.

The problem raised is whether a person, not a party to the action, may object to testimony on the ground of the physician-patient privilege.

Section 352 of the New York Civil Practice Act provides:

"§ 352. Physicians, dentists and nurses not to disclose professional information. A person duly authorized to practice physic or surgery, or dentistry, or a registered professional or licensed practical nurse, shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity * * *."

Thus, standing alone, this section would appear to establish an absolute prohibition against the disclosure of communications received by a physician from a patient. Section 354, however, removes the outright prohibition in the case of a deceased patient in the following terms:

"§ 354. Application of sections relating to confidential communications. The last four sections apply to any examination of a person as a witness unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client. But a physician or surgeon or a registered professional or licensed practical nurse, upon the trial or examination, may disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except such confidential communications as would tend to disgrace the memory of the patient and such facts as would tend to disgrace his memory, when the provisions of section three hundred and fifty-two have been expressly waived on such trial or examination by the personal representatives of the deceased patient * * *."

The rules contained in these sections are not exclusionary rules of evidence, i. e., testimony of physicians is admissible unless the privilege against disclosure is invoked by means of an objection timely made. Saunders v. United Mutual Life Ins. Co., 1957, 9 Misc.2d 285, 172 N.Y.S.2d 443; Roth v. Equitable Life Assur. Soc., 1945, 186 Misc. 403, 59 N.Y.S.2d 707, aff'd without opinion, 270 App.Div. 923, 62 N.Y.S.2d 612; Klein v. Union Ins. Co., D.C.E.D.N.Y.1957, 3 C.C.H. Life Cases 2d 242. See also Fisch, New York Evidence § 550 (1959)

In Roth v. Equitable Life Assur. Soc., 186 Misc. at 405, 59 N.Y.S.2d at 708, Justice Peck stated:

"[T]he established attitude of the law toward the privilege is that it is not automatic or absolute in the absence of waiver, or to be insisted upon at the initiative and compulsion of the court, but rather that the testimony will be admitted in the absence of objection. Hoyt v. Hoyt, 112 N.Y. 493, 20 N.E. 402. The objection may come from any party to the litigation, whether or not the personal representative of the insured, and upon objection being made, in the absence of waiver, the court is obliged to exclude the testimony. That being the case, subdivision 4 of Section 149 of the Insurance Law is applicable because full disclosure of the medical treatment has been prevented by the

plaintiff's objection. Siebern v. Mutual Life Ins. Co. of New York, 269 App.Div. 846, 55 N.Y.S.2d 603."

The same conclusion was reached in Klein v. Union Central Life Ins. Co., supra, where Judge Cashin observed:

"* * * However, before a physician can be justified in his refusal to answer, it must be established that the prohibition contained in Sections 352 and 354 is self-operative and thus applicable even in the absence of an objection. Such does not, however, appear to be the law of New York. Hoyt v. Hoyt, 112 N.Y. 493 at 514–515 [20 N.E. 402]; Seibern [Siebern] [sic] v. Mutual Life Insurance Co. of N. Y., 269 App.Div. 846, 55 N.Y.S.2d 603; Roth v. Equitable Life Assurance Society of United States, supra."

█ Section 149(4) of the New York Insurance Law provides:

"A misrepresentation that an aplicant for life, accident or health insurance has not had previous medical treatment, consultation or observation, or has not had previous treatment or care in a hospital or other like institution, shall be deemed, for the purpose of determining its materiality, a misrepresentation that the applicant has not had the disease, ailment or other medical impairment for which such treatment or care was given or which was discovered by any licensed medical practitioner as a result of such consultation or observation. If in any action to rescind any such contract or to recover thereon, any such misrepresentation is proved by the insurer, and the insured or any other person having or claiming a right under such contract shall prevent full disclosure and proof of the nature of such medical impairment, such misrepresentation shall be presumed to have been material."

The purpose of this section is to avoid situations where a defendant-insurer is foreclosed from establishing facts necessary to his defense by reason of assertion of the privilege and at the same time requiring proof of such facts in order to award judgment in favor of the insurer. Section 149 thus, in effect, relieves the insurer from the burden of establishing the materiality of a misrepresentation when the privilege is invoked and thus results in excluding those very facts necessary to establish such materiality.

In the Klein case, supra, Judge Cashin refused to allow a physician-witness to refuse to answer questions on the ground of privilege in the absence of objection by the plaintiff-beneficiary since this would have rendered Section 149(4) meaningless. The plaintiff-beneficiary could have raised such privilege. Judge Cashin stated:

"McKinney's Cons.Laws of N. Y., Insurance Law § 149(4) provides in part that in any action to recover on a life insurance policy, a misrepresentation by the insured in his application as to prior medical history shall be deemed material if full disclosure and proof of the nature of the medical impairment is prevented by any person claiming a right under the contract of insurance. Were the prohibition against the physician's testifying deemed self-operative, the aforementioned provision of the Insurance Law would be meaningless as applied to a situation such as the instant case, even though it falls squarely within the terms of the statute."

█ It is clear that the plaintiff here, as beneficiary, is in privity with the deceased-insured and thus can invoke the privilege. Roth v. Equitable Life Assur. Soc., supra. It is likewise clear that if the plaintiff were to do so, Section 149(4) would become operative and the statutory presumption of materiality would apply. What is sought here is avoidance of the statutory presumption and at the same time the benefit of the privilege. This is exactly what the legislature sought to avoid in enacting Sec-

tion 149. Furthermore, Section 149 cannot apply to the widow here since she is not a "person having or claiming a right under such [insurance] contract * * *" within the meaning of that section. It follows that to allow the widow to invoke the privilege when she is not a party to the action would render Section 149(4) meaningless—a result which could not have been intended by the legislature.[1]

The policy underlying the physician-patient privilege is thoroughly analyzed in VIII Wigmore on Evidence § 2380a (1961). The privilege is discussed as follows:

> "It is certain that the practical employment of the privilege has come to mean little but the suppression of useful truth—truth which ought to be disclosed and would never be suppressed for the sake of any inherent repugnancy in the medical facts involved. Ninety-nine per cent of the litigation in which the privilege is invoked consists of three classes of cases—actions on policies of life insurance where the deceased's misrepresentations of his health are involved, actions for corporal injuries where the extent of the plaintiff's injury is at issue, and testamentary actions where the testator's mental capacity is disputed. In all of these the medical testimony is absolutely needed for the purpose of learning the truth. In none of them is there any reason for the party to conceal the facts, except as a tactical maneuver in litigation. * * * In none of these cases need there be any fear that the absence of the privilege will subjectively hinder people from consulting physicians freely. The actually injured person would still seek medical aid, the honest insured would still submit to medical examination, and the testator would still summon physicians to his cure."

In the absence of legislation, this court is not disposed to extend the right to invoke the privilege to a non-party. Two cases are cited to support the proposition advanced by the widow that a personal representative of a deceased person who is not a party to the action has the right to appear by an attorney and object to privileged testimony. Hindin v. Mutual Trust Life Ins. Co., 1959, Sup., 195 N.Y.S.2d 457, aff'd without opinion, 1961, 12 App.Div.2d 763, 210 N.Y.S.2d 969 and Connecticut Mutual Life Ins. Co. v. Dale System, Inc., N.Y.Co., Spec. and Trial Term, September 30, 1959. No decision was rendered by Justice Epstein in the Connecticut Mutual case since it was settled during trial and the Hindin case does not support the proposition for which it is cited. The court in Hindin, sitting without a jury, made findings of fact and concluded as follows:

> "This court holds that the failure on the part of the insured to answer truthfully as to consultations with physicians during the five-year period, prior to the issuance of the policy of insurance in question, constitutes a *material misrepresentation* and accordingly finds that the complaint should be dismissed." (Emphasis added) 195 N.Y.S.2d at 460.

The court alluded to the right given the personal representative who was not a party to intervene in this action. Judge Marks stated:

> "In view of the conclusion arrived at by this court, the question

---

1. It is not without significance that the New York State Legislature recently clarified the physician-patient privilege by enacting, effective September 1, 1963, Section 4504 of Civil Practice Law and Rules, which provides in pertinent part:

"(c) Mental or physical condition of deceased patient. A physician or nurse shall be required to disclose any information as to the mental or physical condition of a deceased patient privileged under subdivision (a), except information which would tend to disgrace the memory of the decedent, either in the absence of an objection by a party to the litigation or when the privilege has been waived * * *."

as to whether or not said permission to intervene was properly given becomes academic. The question of fact to be passed upon by this court is whether the failure on the part of the insured to answer truthfully as to consultations with physicians during the five-year period prior to the issuance of the policy of insurance constitutes such a material misrepresentation as to warrant a finding on the merits dismissing the complaint." 195 N.Y.S.2d at 459.

The plaintiff-beneficiary here may raise the privilege, but represents that it will not do so. The testimony of the deceased's physicians is thus admissible since no objection is expected to be made to its admission by a party. Admissibility is subject, of course, to the limitation contained in Section 354 that the testimony not be of such nature "as would tend to disgrace the memory of the patient" and to the possibility that plaintiff-beneficiary may reconsider and decide to invoke the privilege and thereby be governed by the presumption contained in Section 149(4).

Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides for "(a) Intervention of Right" and "(b) Permissive Intervention." This rules does not apply to one in the position of the widow and personal representatives of the deceased. Consequently, if a motion to intervene were duly made, this court would be compelled to deny the motion.

I, therefore, hold that the attorney appearing on behalf of the personal representatives and the widow of Nicholas R. Chase (Ciasca), deceased may not raise objections to testimony on the ground of the physician-patient privilege since none of these persons are parties to this action.

This constitutes my pre-trial determination pursuant to Rule 16 of the Federal Rules of Civil Procedure and in accordance with the Pre-Trial Order dated January 22, 1962.