■ AIMATOP RESTAURANT, INC., Doing Business as SYOSSET COACH & GRILLE, Respondent, v LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered October 5, 1979, which granted plaintiff's motion for summary judgment, to the extent of determining liability in plaintiff's favor and setting this matter down for assessment of damages, unanimously reversed, on the law, and the motion

for summary judgment denied, with costs and disbursements. This is an action by the owner and operator of a diner to recover on a fire insurance policy for losses from an explosion and fire at the insured diner. At the end of a jury trial, after motions by both sides for a directed verdict had been denied, the trial court, for reasons not here germane, declared a mistrial and set a new trial before a different jury. Prior to a retrial, plaintiff moved for summary judgment. In support of the motion, plaintiff submitted affidavits by its corporate president and the manager of the diner, attesting to the existence of a policy in full force, a loss covered by that policy, and a denial of complicity in arson, if any. Each denied being present at the diner at the time of the fire, but acknowledged that at the trial the insurer had presented evidence relating to plaintiff's financial difficulties and to indications of arson. The insurer had pleaded a general denial with an affirmative defense on the issue of liability, alleging a deliberate causing of the fire by the insured. In response to plaintiff's motion, the insurer in its answering affidavit did not submit any evidentiary material to support its affirmative defense. Insurer's counsel addressed the insufficiency of plaintiff's papers contending that the unresolved issues of fact developed at the unfinished trial should prevent a grant of summary judgment. CPLR 3212 (subd [b]) requires movant to demonstrate the absence of genuine issues of material fact on every relevant issue raised by the pleadings, including any affirmative defenses. *(Kamen v Metropolitan Life Ins. Co.,* 6 AD2d 406, affd 6 NY2d 737.) Here, in view of the determination at trial on the motion for a directed verdict, a simple denial of complicity without presenting any additional facts will not suffice for summary judgment. There are issues of credibility for a trier of fact. (See Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C 3212:6, p 428.) Concur—Kupferman, J. P., Birns, Sandler, Ross and Markewich, JJ.