## Davidson Realty Assoc., LLC v Hamilton Ins. Co.

2025 NY Slip Op 31672(U)

May 7, 2025

Supreme Court, New York County

Docket Number: Index No. 651596/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                    PART                    11M

*Justice*

-------------------------------------------------------------------------------X

DAVIDSON REALTY ASSOCIATES, LLC

                        Plaintiff,

                  - v -

HAMILTON INSURANCE COMPANY,

                        Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651596/2021 |
| MOTION DATE | 10/14/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 47, 48

were read on this motion to/for              SUMMARY JUDGMENT(AFTER JOINDER    .

## Background

On November 3, 2016, Plaintiff Davidson Realty Associates, LLC ("Davidson" or "Plaintiff") through Jem Realty Management, Inc. ("Jem"), and S&M Electronics Corp. ("S&M") entered into a lease agreement with Davidson as the Landlord and S&M as the Tenant (the "Lease"). Pursuant to the Lease, S&M leased the ground floor store premises, including the basement directly underneath, located at 34 West Burnside Avenue, Bronx, New York (the "Premises"), in the building known as 26-38 West Burnside Avenue a/ka 2025 Davidson Avenue, for the time period from November 7, 2016, to October 31, 2026.[1]

Defendant Blackboard Insurance Company f/k/a Hamilton Insurance Company ("Hamilton" or "Defendant") issued a business owners insurance policy to S&M for the policy period of February 21, 2018, to February 21, 2019 (the "Policy"). Plaintiff is listed as an

---

[1] The Court would like to thank Special Master to the Court, Jason Lowe, Esq., for his assistance in this matter.

**651596/2021   DAVIDSON REALTY ASSOCIATES, LLC vs. HAMILTON INSURANCE COMPANY**       **Page 1 of 5**
**Motion No.   001**

[* 1]

additional insured "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [S&M]".

On May 7, 2019, Annette Wright ("Wright") filed a personal injury action against S&M, Davidson, S. Jewelry Corp. ("S. Jewelry"), and Joseph's Clothing Inc. ("Joseph's Clothing") in the Supreme Court of New York, Bronx County (the "Underlying Action"). Wright alleges in her complaint that, on December 19, 2018, she sustained injuries while walking on the sidewalk near the Premises, as a result of the sidewalk being raised, cracked and defective.

During the pendency of the Underlying Action evidence emerged that Wright's injury may have occurred at a bus stop. Thereafter, Davidson filed a third-party complaint against the City of New York ("NYC") and the New York City Transit Authority (the "NYCTA").

By letters dated June 12, 2019, and April 23, 2020, Davidson demanded that Hamilton defend and indemnify Davidson in the Underlying Action. By letter dated April 28, 2020, York Risk Services Group, as third-party administrator for Hamilton, denied Davidson's tender demand. This coverage action followed.

Plaintiff Davidson moves for summary judgment seeking a declaration that Hamilton owes a duty to defend and indemnify Davidson on a primary basis in the Underlying Action and for a judgment against Hamilton for any defense or indemnity payment made by Davidson or Davidson's insurer with respect to the Underlying Action.

Defendant Hamilton cross moves for summary judgment seeking a declaration that it has no duty to defend or indemnify Davidson in the Underlying Action and that Davidson is not entitled to recoup defense costs.

**Standard**

651596/2021   DAVIDSON REALTY ASSOCIATES, LLC vs. HAMILTON INSURANCE COMPANY          Page 2 of 5
Motion No.  001

2 of 5

A party moving for summary judgment under CPLR 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 501 N.E.2d 572, 508 N.Y.S.2d 923 [1986]). The motion must "demonstrate the absence of genuine issues of material fact on every relevant issue raised by the pleadings, including any affirmative defenses" (*Aimatop Rest. v Liberty Mut. Fire Ins. Co.*, 74 AD2d 516, 517, 425 N.Y.S.2d 8 [1st Dept 1980]). The "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503, 965 N.E.2d 240, 942 N.Y.S.2d 13 [2012] [internal quotation marks and citation omitted]). Once the moving party has met this prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact (*Alvarez*, 68 NY2d at 324). The moving party's "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (id.).

**Discussion**

The dispute in this case is not whether Davidson is listed as an additional insured in the Policy. Rather, the dispute is whether there is coverage under the Policy. The parties dispute whether Wright's claim arose "out of the ownership, maintenance or use of that part of the premises leased to [the policy holder]". However, a dispute over whether there will be liability coverage is different than whether there is a duty to defend. "[A]n insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (*Fitzpatrick v Am. Honda Motor Co.*, 78 NY2d 61, 65 [1991]).

**651596/2021   DAVIDSON REALTY ASSOCIATES, LLC vs. HAMILTON INSURANCE COMPANY**          **Page 3 of 5**
   **Motion No.  001**

[* 3]

3 of 5

In this case, Wright's complaint alleges that liability was caused by the failure to maintain the sidewalk adjacent to the Premises. Davidson's lease requires S&M to maintain the sidewalk outside the Premises and to indemnify Davidson. In a similar situation, the First Department found that "it can be inferred that the underlying alleged accident on that sidewalk 'arose out of' the maintenance of the sidewalk" (*Wesco Ins. Co. v. Rutgers Cas. Ins. Co.*, 202 A.D.3d 460, 460, 158 N.Y.S.3d 573, 574 [1st Dep't 2022]["Given that defendant's insured had an express duty to maintain the sidewalk outside its leased premises, and to indemnify the landlord, plaintiff's insured, in connection with that duty, it can be inferred that the underlying alleged accident on that sidewalk 'arose out of' the maintenance of the sidewalk"]). Since the complaint in the Underly Action asserts allegations that give rise to the reasonable possibility of recovery under the policy, Hamilton owes a duty to Davidson to defend it in the Underlying Action.

However, the same determination cannot be made regarding liability at this juncture. Though the complaint in the Underlying Action alleges liability caused by the failure to maintain the sidewalk outside of the Premises, other facts point to other bases for liability. The duty to indemnify depends on the actual basis of the insured's liability (*Vargas v. City of N.Y.*, 158 A.D. 3d 523, 525 [1st Dept 2018] ["[N]otwithstanding the allegations and evidence put forth in the Underlying Actions, there has not been a determination of [the named insured's] liability. In the absence of such a determination, it is premature to decide whether [the named insured's liability carrier] has a duty to indemnify [the] additional insured."]). Since no determination has been made in the Underlying Action regarding the actual basis for liability, a determination regarding the duty to indemnify is premature.

Similarly, Davidson has not met its burden to show it is entitled to reimbursement of defense costs. Davidson submitted no evidence regarding any costs or injury it incurred in the

**651596/2021   DAVIDSON REALTY ASSOCIATES, LLC vs. HAMILTON INSURANCE COMPANY**      **Page 4 of 5**
**Motion No.  001**

4 of 5

defense of the Underlying Action. Therefore, Davidson has not met its burden to show it has standing to assert any claim for defense costs.

Accordingly, it is hereby

ORDERED and ADJUDGED that Plaintiff's motion for summary judgment is granted solely to the extent that Defendant must provide Plaintiff with a defense in the Underlying Action as is discussed in this decision; and it is further

ADJUDGED that, Plaintiff's motion for summary judgment is otherwise denied, without prejudice; and it is further

ADJUDGED that Defendant's motion for summary judgment is denied in its entirety, without prejudice.

20250507093306LFRANK7A695?3D67784B14BB2C009FB6CCA8A6

| | | |
|---|---|---|
| **5/7/2025** | | |
| **DATE** | | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651596/2021   DAVIDSON REALTY ASSOCIATES, LLC vs. HAMILTON INSURANCE COMPANY**
**Motion No.  001**                                                                                      **Page 5 of 5**

5 of 5