In the Matter of SAMSON INSELBUCH, Respondent, *v.* JULIUS HELFAND, Appellant, and S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

(Argued January 2, 1935; decided January 3, 1935.)

*Martin M. Goldman* and *Harry Malter* for appellant. The moving papers were insufficient to warrant the exercise of the court's discretion under section 333 of the Election Law (Cons. Laws, ch. 17). (*Matter of Dolen,* 225 App. Div. 78; *State ex rel. Ballard* v. *Greene,* 87 Vt. 515; *Free* v. *Wood,* 137 Kan. 939.)

*Abner C. Surpless, A. David Benjamin, Charles Pokorny* and *George Fankuchen* for petitioner, respondent. The order of the Appellate Division granting a re-examination of the voting machines being discretionary, should not be disturbed. (*Matter of Wilber,* 131 Misc. Rep. 2; *Matter of Friedman,* 238 App. Div. 341; *Matter of Dolen,* 225

App. Div. 78; *Matter of Schwartzwald,* 240 App. Div. 990; *Matter of Lauer* v. *Board of Elections,* 262 N. Y. 416; *Matter of Mellen* v. *Board of Elections,* 262 N. Y. 422; *People ex rel. Toms* v. *Board of Supervisors,* 199 N. Y. 150; *Matter of Martin,* 255 N. Y. 359; *Callanan* v. *Keeseville, Ausable Chasm & L. C. R. R. Co.,* 199 N. Y. 268; *Nelson* v. *Hirsch,* 264 N. Y. 316; *Lewin* v. *Lehigh Valley R. R. Co.,* 169 N. Y. 336.) The petition and affidavits establish numerous irregularities, errors and discrepancies which amply justify the order herein. (*Matter of Wilber,* 131 Misc. Rep. 2; *Matter of Friedman,* 238 App. Div. 341; *Matter of Schwartzwald,* 240 App. Div. 990; *Matter of Dolen,* 225 App. Div. 78.)

*Paul Windels, Corporation Counsel* (*Nathan Blum* of counsel), for S. Howard Cohen et al., constituting the Board of Elections of the City of New York, respondents.

*Per Curiam.* The Appellate Division by a divided court has allowed the application, made under section 333 of the Election Law (Cons. Laws, ch. 17), for an inspection of the voting machines in the sixth Assembly district, Kings county. According to the reported results, the appellant, Julius Helfand, was elected by a majority of fifteen votes. The alleged irregularities in tabulating the total votes as recorded on the machines warranted the court, in the exercise of its discretion, in granting the application. The order merely permits the examination of the total votes as recorded on the machines in order to ascertain if the final vote has been correctly given. Counsel for the Board of Elections informed us on the argument that this can be done in a few hours. The original date fixed for the examination has passed. We, therefore, designate Monday, January 7th, at ten o'clock at the place and under the conditions stated in the order appealed from.

The order should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.