In the Matter of RAYMOND C. INGERSOLL, Petitioner, against THOMAS J. CURRAN, as Secretary of the State of New York, Respondent.[*]

Supreme Court, Special Term, Albany County, May 13, 1947.

[*] See, also, *Matter of Ingersoll* v. *Heffernan*, 188 Misc. 1047, affd. without opinion 297 N. Y. 524.— [REP.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Henry S. Manley* and *Kent H. Brown* of counsel), for respondent.

*Samuel M. Blinken* for petitioner.

*Samuel D. Smoleff* for Women's City Club and Citizens' Union of the City of New York, *amicus curiæ.*

*Sol Firstenberg* for New York City Chapter of the National Lawyers' Guild, *amicus curiæ.*

BOOKSTEIN, J. The proceeding is in the nature of mandamus. The petitioner asserts that the Wilson-Pakula Law (L. 1947, ch. 432) is unconstitutional and seeks to compel the respondent, the Secretary of State, to discharge his official duties, as though it had not been enacted. The allegations of fact in the petition are accepted as true as no answer has been interposed and the respondent moves to dismiss the petition.

While the petition states that the petitioner is not an enrolled member of the Democratic Party, the petition has been amended to allege specifically that he is an enrolled member of the American Labor Party in the 23d Senatorial district of the State of New York; that he is a duly qualified elector therein and is eligible to be a candidate for the office of State Senator which is to be filled at the general election on November 4, 1947, a vacancy existing in that office due to the resignation of the former incumbent. Petitioner asserts that he intends to circulate a designating petition among the enrolled members of the Democratic Party enabling him to have his name placed upon the primary ballot for the primary election to be held on July 29, 1947. Circulation of such designating petitions commences on May 13, 1947, and they must be filed by June 24, 1947. Petitioner claims that under the Wilson-Pakula Act his designating petition will not be valid and he cannot therefore be a nominee of the Democratic Party unless the Democratic Party Committee for the 23d Senatorial District votes to authorize him to be a designee and nominee, a situation which he does not envision and which, for the purposes of disposing of this matter we shall assume will not come to pass.

The law in question was signed by the Governor on March 25, 1947, and added to the Election Law a new section 136-a. It is sufficient for present purposes to state that it provides that no petition, designating any person as a candidate for party nomi-

nation at a primary election, shall be valid unless the person so designated shall be enrolled as a member of the party referred to in said designating petition, at the time of the filing thereof. The same law thereafter provides that by appropriate action of the appropriate party committee, the designation and nomination of a person as a candidate for any office who is not enrolled as a member of a particular party may be authorized. Petitioner claims that this law violates section 1 of article I and section 1 of article II of the State Constitution.

Section 1 of article I reads as follows: " No member of this state shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers."

Section 1 of article II reads as follows: " Every citizen of the age of twenty-one years, who shall have been a citizen for ninety days, and an inhabitant of this state for one year next preceding an election, and for the last four months a resident of the county, city, or village and for the last thirty days a resident of the election district in which he or she may offer his or her vote, shall be entitled to vote at such election in the election district of which he or she shall at the time be a resident, and not elsewhere, for all officers that now are or hereafter may be elective by the people, and upon all questions which may be submitted to the vote of the people    *    *    *    ."

Political bodies are voluntary organizations of people who believe generally in the principles enunciated and the candidates offered to the people by the particular party of their choice. It is true that over the years the Legislature has enacted many laws regulating the conduct of political parties in order to correct abuses which had arisen. The voluntary nature of political parties nevertheless continues to be recognized. No qualified voter is required to enroll in any particular political party. He has the freedom of choice of enrolling in a particular party or refraining from enrolling.

Petitioner argues strenuously that the law in question is an invasion of the rights of suffrage of a duly qualified voter; that the invasion of the rights of suffrage of a duly qualified voter would be a violation of the Constitution and that since nominations are an important process in the matter of the ultimate election of candidates, a limitation on the rights of the voter in nominating candidates also contravenes the constitutional provisions referred to.

This court cannot agree with the proposition thus advanced.

An unenrolled voter cannot participate in a primary election. Therefore it might be argued that the rights of a person who will be qualified to vote at the general election has been invaded by his statutory preclusion from participating in a party primary election. This preclusion is not an invasion of the rights of such a voter. It is a situation which under his right of free choice he elected to occupy. So, too, a person who is enrolled as a Democrat cannot vote in the Republican Party primary election or in the American Labor Party primary election and vice versa. But petitioner argues that the law in question does restrict the rights of suffrage of an enrolled member of a political party because it precludes him from signing a designating petition for a person of his choice who is not a member of his political party or perhaps, to put it more accurately, if he does sign such petition, such act is a nullity. Disregarding for the moment the ultimate end sought to be effectuated by the Legis- lature in the enactment of this law, to wit, the prevention of raids upon any political party by or on behalf of persons who have elected not to be members of such political party, the fact still remains that the enrolled voter of any political party who desires to have as his nominee a person who is not an enrolled member thereof can do so by the simple expedient which is still reserved by the Election Law of writing in such person's name upon the primary ballot at the primary election. Thus, if there is a real demand by the members of any political party for the nomination of an individual who is not an enrolled member of that party, the majority of the enrolled voters of such party may nominate such person at the primary election even if the name of such person does not appear upon the printed ballot, due to the provisions of the law now in question. It is no answer to say that the enrolled voters of a poitical party will not, in suffi- cient numbers, write in the name of such a candidate. If there is merit in the contention that the Legislature cannot deprive a qualified voter of his right of suffrage at the general election and that accordingly the Legislature cannot do so with reference to a qualified enrolled voter with respect to his right of suffrage in the matter of making a nomination at the primary election, it would seem that there is a complete answer in the fact that under the law as it now exists, the ultimate right of voting for any person of his choice whether a member of his political party, or not, is reserved to every qualified voter who, at the general election, can write in the name of his choice; and, in like manner, every qualified enrolled voter of each party, on primary day, can vote for the candidates whose names are printed on the

ballot and in the case of more than one name being printed on the ballot then for the one of his choice or, if he is not content with the names printed on the ballot, he can write in the name of the person of his choice. Whether the required number of the qualified enrolled voters of a party are sufficiently interested to do so or not, is not, in my judgment, a test of the constitutionality of the statute involved. The test is that there is preserved unimpaired for every qualified enrolled voter of any political party the right at the primary election to vote for any person of his choice for a party nomination regardless of whether such person is an enrolled member of his party or not.

The same theory is carried through in our laws for people who are not enrolled in any political party and for whom appropriate machinery has been set up to make independent nominations, and finally, after all of the nominations have been duly made, whether party nominations or independent nominations, at the general election every qualified voter may vote for any one of the candidates printed on the ballot as the candidates of the regular political parties and of each independent body; or at such general election, each voter may vote for the candidate of his choice and is under no restraint, so far as the law is concerned, against voting for the candidate of a party of which he is not a member, and finally, if the qualified voter is not satisfied with any of the candidates printed on the ballot of any of the regular political parties or of any of the independent bodies, there is vested in him the right to write in the name of the candidate of his choice. This right exists unimpaired at the primary election and at the general election. It is true that the law in question establishes a difference in the machinery and mechanics between a nomination by a political party of a person who is an enrolled member of that party and of a person who is not. It does not preclude the nomination by a political party of a person who is not a member of that party nor is the majority of the enrolled voters of a political party foreclosed from nominating for office a person who is not a member of that party. It merely provides for a different method of accomplishing such a nomination. In the case of an enrolled member of a party, if the requisite number of signatures are obtained on the designating petition, such person may have his name printed upon the primary ballot of his party. In the case of a person who is not a member of the political party, then each enrolled member of such political party is free to refrain from signing a designating petition for a member of his own party or to sign a designating petition and yet at the primary election to write

in the name of the person of his choice, even if such a person be not a member of the political party of such voter. Thereby is retained unimpaired the absolute right of every enrolled member of every political party to vote for the nominee of his choice, whether such nominee be a member of his party or not. If the Legislature in its wisdom saw fit to remedy what it regarded as an evil of raids on a political party or intrusion into its affairs by persons who are not members thereof, such act cannot be said to be an unreasonable or unlawful exercise of its power and authority, so long as such action does not contravene the mandate of the Constitution.

Before a court should declare a statute of the Legislature void it must be clearly shown that the statute is irreconcilable with the Constitution.

The provisions of the law in question are not an abuse of the legislative power.

The statute in question does not restrain freedom in nominating candidates at the primary.

Here, the Legislature has not enacted a law preventing the nomination of fusion or combination candidates. It has merely given to each political party greater protection against raids and unwarranted intrusion into its affairs by nonmembers thereof.

While petitioner's quarrel is essentially with subdivision 1 of the new law, dealing with designating petitions, he does contend that the entire statute is unconstitutional.

As to subdivision 1, the enrolled members of a party can nominate a nonmember of their party, whether the appropriate party committee desires such a result or not.

As to subdivisions 2 and 3 of the Wilson-Pakula Law, there is still left the right, with the approval of the appropriate party committee, to confer a nomination by such party on a nonmember thereof.

The prohibition against the nomination of a nonmember of a political party, by such party, is not absolute, as it was in *Matter of Callahan* (200 N. Y. 59).

In that case, there was an absolute prohibition against a political party naming as its candidate the candidate of another political party, unless such candidate was nominated at the time and in the manner provided for making original nominations.

There a political party could not nominate the candidate of another political party in any circumstances, if he had not been originally nominated by it.

Here, the power is still reserved to name such a candidate, if the appropriate party committee authorizes such nomination.

The law in question does not, in my judgment, violate the provisions of either section 1 of article I or section 1 of article II of the Constitution and accordingly the motion of the respondent to dismiss the petition is granted.

Submit order.