In the Matter of JAMES T. McNAMARA, Petitioner, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 21, 1948.

*Benjamin Gassman* for petitioner.

*John P. McGrath, Corporation Counsel,* for William J. Heffernan and others, constituting the Board of Elections, respondents.

*Louis J. Lefkowitz* and *Paxton Blair* for Howard Henig, respondent.

*Charles Horowitz* and *David C. Broderick* for the Seventh Assembly District Democratic Organization, *amicus curiæ.*

COHALAN, J. This is an application by an aggrieved candidate seeking (a) a recanvass of ballots on various grounds, (b) to void the nomination of his opponent as the nominee of the Liberal Party for the office of Member of Assembly in the Seventh Assembly District in this county and (c) a new election. So much of the application as seeks a recanvass of the vote and a new election is denied. There is no showing of any fraud or error in the canvass of the vote which would require or justify a recount. Mere closeness in the result is insufficient. The bills circularized by the respondent do not, in the opinion of the court, indicate that fraud was practiced. The sworn statements of the Liberal Party voters to the effect that they were influenced thereby have been considered but these are not convincing. The advertising matter distributed indicated that a write-in vote was being thereby canvassed. Having cast their votes in the manner solicited the voters will not be permitted to impugn them on such a claim of fraud. Under our primary system the right to choose candidates rests basically and fundamentally with the enrolled voters of each of the parties. As has been pointed out in *Matter of Ingersoll* v. *Curran* (188 Misc. 1003, affd. 297 N. Y. 524), the right to write in the name of nonparty members as candidates was not diminished by the Wilson-Pakula Law. (Election Law, § 136-a, as added by L. 1947, ch. 432.) Any interference with this prerogative would constitute a grievous attack on the very purpose of the primary laws. Motion denied.