In the Matter of GEORGE W. CREGG, Respondent-Appellant, *v.* HENRY A. FISSELBRAND et al., Constituting the Board of Elections of the County of Onondaga, et al., Appellants-Respondents; DONALD H. MEAD et al., Appellants, et al., Respondents.

Fourth Department, January 12, 1965.

*Hancock, Dorr, Ryan & Shove* (*Arthur A. Agan* of counsel), for Donald H. Mead.

*Melvin & Melvin* (*Richard D. Kharas* of counsel), for George W. Cregg.

*Louis J. Lefkowitz, Attorney-General* (*Sidney L. Grossman* of counsel), for John P. Lomenzo and another.

*Eli Gingold* (*Nathan I. Share* of counsel), for Commissioners of Election.

*Per Curiam.* The petitioner Cregg, one of the candidates for Justice of the Supreme Court in the Fifth Judicial District, sought pursuant to subdivision 5 of section 330 of the Election Law a recount and recanvass of all votes cast at the general election of November 3, 1964 for the four candidates nominated for two vacancies for that position. The petition also prayed for an inspection of all the votes for that office under section 333 of the Election Law. Special Term granted a recount and recanvass of all the ballots in each of the six counties comprising the judicial district except the absentee or military (paper ballots) already declared invalid. As a condition the petitioner was required to deposit $5,300 as security for all expenses incurred by the counties involved in making such recanvass. Thereafter the respondent Mead applied for an order vacating the original order for recanvass and recount on the ground that three of the voting machines in the Town of Wilna, Jefferson County, had inadvertently been set back to zero and thus a total recount would be impossible. Special Term denied this application by an order of January 6, 1965.

The respondents Mead, the Commissioners of Elections of Onondaga County, John P. Lomenzo, as Secretary of State of the State of New York, and Louis J. Lefkowitz, Attorney-General of the State of New York, as Chairman of the New York State Board of Canvassers, appeal from the portion of the original order granting recanvass and recount. The petitioner appeals from the portions of that order which limited the recanvass and recount as to paper ballots and imposed the condition requiring the deposit as security for the expenses of the recount. The respondent Mead also appeals from the order which denied the relief vacating the recount and recanvass order.

The verified petition alleges that petitioner did not receive notice of the recanvass pursuant to section 274 of the Election Law from the counties of Oneida, Herkimer, Oswego, and Lewis. None of these counties has answered, appeared in this proceeding, or submitted proof on this point. Section 274 of the Election Law in directing an automatic recanvass of all election districts using voting machines specifically provides: '' Before making such recanvass the board of elections, with respect to each machine to be recanvassed, *shall* give notice in writing * * * to each individual candidate whose name appears on said machine, of the time and place where such canvass is to be made * * * and each such individual candidate may send a representative to be present at such recanvass, who shall * * * have the right personally to examine and make a copy

of the vote recorded on the machine.'' (Emphasis supplied.) The notice requirement is an essential part of the statutory protection afforded each candidate, and we conclude that the Legislature intended by this language to impose a mandatory duty. (Cf. *Matter of New York Cent. R. R. Co.* v. *Donnelly,* 8 A D 2d 65.) It is conceded that petitioner received notice of the recanvass in Onondaga and Jefferson Counties, but that he failed to participate as permitted by this section. He is therefore not entitled to a recanvass in these two counties. It is further alleged that the Democratic County Chairman in Onondaga County did not receive notice of the recanvass, but inasmuch as he is not a party to this proceeding and has not appeared, we do not consider this a material omission in this instance.

We conclude, because it appears from the record before us that there was a lack of notice to the petitioner of the recanvass in the counties of Oneida, Herkimer, Oswego, and Lewis, that the recanvass conducted in those counties was not in accordance with subdivision 1 of section 274 of the Election Law, and therefore was void as to this petitioner. The order directing recount and recanvass should be modified to require, pursuant to subdivision 5 of section 330 of the Election Law, such a recanvass and recount with respect to these counties. The petitioner should also have the right to review the military and absentee ballots, and to challenge for defects appearing on the face thereof. (*Matter of O'Shaughnessy* v. *Monroe County Bd. of Elec.,* 15 A D 2d 183.)

Apart from the allegation of lack of notice the petition fails to set forth facts sufficient to justify a general recanvass under subdivision 5 of section 330 which would include Onondaga and Jefferson Counties. (*Matter of McNamara* v. *Heffernan,* 192 Misc. 967, affd. 274 App. Div. 877, affd. 298 N. Y. 660.)

Petitioner also seeks an examination pursuant to section 333 of the Election Law of all voting machines and ballots on which his name appears. In view of the petition before us it is not necessary to reach the question as to whether the petitioner is entitled to this basic relief. Suffice it to say when relief is sought under either subdivision 5 of section 330 or section 333, the petition must set forth some facts which would give grounds for a belief that irregularities, discrepancies, or errors have occurred. (*Matter of Inselbuch* v. *Helfand,* 266 N. Y. 155; cf. *Matter of Barrett,* 209 App. Div. 217.) This he has failed to do. Where petitioner does allege that irregularities or discrepancies have occurred he does so upon information and

belief, failing to state the source of his information or the grounds for his belief. This is clearly insufficient. (*Matter of Fitzgerald* v. *Conway,* 275 App. Div. 205, mot. for lv. to app. den. 299 N. Y. 798; *Zwerdling* v. *Bent,* 264 App. Div. 195, affd. 291 N. Y. 654; 1 Carmody-Wait, New York Practice, pp. 490, 491; see, also, *Matter of Whitman,* 225 N. Y. 1, 8, 9.) In *Matter of Fitzgerald* (*supra,* p. 212) the court said: "Nowhere in the petition or in the supporting affidavits is there any statement as to the sources of the petitioner's information or the grounds of his belief. The positive allegation that some of the persons had prior knowledge of the questions stands alone without amplification or supporting facts. If the petitioner was able in good faith to make such a positive allegation he must have had knowledge of the identity of the persons accused and he must have had some knowledge of the facts and circumstances connected with the securing of the information relative to the questions. Yet not a single supporting fact is furnished by the petitioner. Either the petitioner was not in possession of facts sufficient to support his allegations or he deliberately chose not to disclose them to the court. In either case he has failed to show the existence of a triable issue of fact. The moving party is required to make out a clear case where gross fraud and irregularities are charged. 'Allegations of fraud and irregularities must be definite and substantial, and mere charges, unsupported or even supported by meagre proof will not suffice.' (*Balter* v. *Cohen,* 50 N. Y. S. 2d 526, 529.)" Furthermore, the petitioner did not offer or present any proof as to the alleged errors, nor was any such proof taken.

We are granting the relief in the four counties because of an apparent omission of the respective Boards of Election. At least for this reason the petitioner should not be required to pay the costs, and that portion of the order which directs that he deposit the sum of $5,300 as a condition to the recanvass should be reversed.

The order appealed from should be modified to permit a recanvass of the votes in the counties of Oneida, Herkimer, Oswego, and Lewis, including the military and absentee ballots, at which time the petitioner should have the right to challenge the previous allowance or disallowance of such military and absentee ballots but only for defects appearing on the face thereof.

In view of our determination the appeal from the order of January 6, 1965 should be dismissed as academic.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and NOONAN, JJ., concur.

Order [entered December 21, 1964] unanimously modified on the law and facts in accordance with the opinion, and as modified affirmed, without costs of this appeal to any party.

Appeal [from order, entered January 6, 1965] unanimously dismissed as academic.