Habold E. Kobemakt, J.
Plaintiffs are two licensee harness racing track operators which have commenced actions against the New York State Quarter Horse Racing Commission and two corporations who have been granted temporary licenses to conduct quarter horse racing in Albany County and Suffolk County. Plaintiffs seek a declaratory judgment that section 67 (subd. 4) of the Pari-Mutuel Revenue Láw (as added by L. 1970, ch. 1023) is unconstitutional. An injunction is also sought restraining the commission from granting permanent licenses to conduct quarter horse racing within 50 miles of plaintiffs’ harness racing tracks, and a temporary injunction restraining the defendant licensees from proceeding on the temporary licenses issued to them. The plaintiffs and the defendants all have moved for summary judgment pursuant to CPLR 3212.
All parties agree that no factual issues exist.
The statute under attack, pursuant to which licenses were issued by the commission, states in pertinent part that, “No such license shall be granted to any quarter horse race track located within fifty miles of any existing harness, thoroughbred or quarter horse track * * * provided, however, that in
the counties of Suffolk and Albany such license shall be granted to any quarter horse race track located more than thirty-five miles of any existing harness, thoroughbred or quarter horse track ” (§ 67, subd. 4). Plaintiffs contend that that portion of *1098 the statute authorizing the granting.of quarter horse racing licenses, which affords 50-mile protection to all other harness tracks except the plaintiffs’ Saratoga and Roosevelt, is unconstitutional in that it denies equal protection to them as guaranteed by section 11 of article I of the New York State Constitution and the 14th Amendment of the United States Constitution. In support of their position plaintiffs set forth figures to show that certain other harness tracks, with larger attendance and handle, enjoy the 50-mile protection while they receive 35-mile protection under the statute. Therefore, plaintiffs claim the statute is discriminatory as to them, and that no state of facts may reasonably be conceived to justify it.
For a proper determination of these motions certain fundamental legal principles should be enunciated at this point. Every presumption favors the constitutional validity of a legislative enactment, and it is with great reluctance and as a last resort that the courts will strike down a legislative enactment on the ground that it conflicts with the State or Federal Constitutions. Until every reasonable mode of reconciliation of the statute with the Constitution has been resorted to, and . reconciliation has been found impossible, the statute will be upheld. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150; Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545; 1. L. F. Y. Co. v. City Rent Administration, 11 N Y 2d 480; Paterson v. University of State of N. Y., 14 N Y 2d 432; People ex rel. Henderson v. Board of Supervisors of County of Westchester, 147 N. Y. 1; Matter of Fay, 291 N. Y. 198; Matter of Ingersoll v. Curran, 188 Misc. 1003, affd. 297 N. Y. 522). The burden upon one attacking a statute as unconstitutional requires a demonstration of unconstitutionality beyond a reasonable doubt. (Lincoln Bldg. Assoc, v. Barr, 1 N Y 2d 413; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537), and the courts will make a determination of unconstitutionality only as a last resort. (Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293.)
The statute authorizing quarter horse racing was enacted pursuant to section 9 of article I of the New York State Constitution, as were the statutes authorizing other types of horse racing. This constitutional provision prohibits gambling “ except pari-mutuel betting on horse races as may be prescribed by the legislature and from which the state shall derive a reasonable revenue for the support of government, shall hereafter be authorized or allowed within this state ”. Chapter 1023 of the Laws of 1970 is a further extension of the legislative scheme to permit another type of horse racing to be regulated *1099 by the Quarter Horse Racing Commission. This statute, as well as those permitting thoroughbred running races and harness horse racing, was prescribed by the Legislature, “ and from which the state shall derive a reasonable revenue for the support of government ’ ’. For purposes of regulation and taxation the Legislature has established various classifications in horse racing generally. Styles of racing, geographic zones, different percentages of taxation of receipts, and of disposition of pari-mutuel pools, different racing dates, different minimum admission charges, as well as special subsidies and advantages to one or another form of racing, have been the subject of legislation in the exercise of its power of taxation. Such classifications for the purpose of taxation are valid if any state of facts reasonably justifying the classifications are conceivable. (Matter of Roosevelt Raceway v. County of Nassau, 18 N Y 2d 30.) “ Still another formulation of this principle is in McGowan v. Maryland (366 U. S. 420, 426) where it was written that ‘ A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.’” (Matter of Roosevelt Raceway v. County of Nassau, supra, at p. 39.) The court in Roosevelt Raceway further noted that in taxation there is a broader power of classification than in other exercises of legislation. (Ampco Print.-Advertisers’ Offset Corp. v. City of New York, 14 N Y 2d 11, 24, app. dsmd., 379 U. S. 5.) As to plaintiffs’ claim that they are denied equal protection of law by the statutory provision permitting a lesser distance restriction as to them, it must be noted that plaintiffs are authorized to operate harness tracks only as may be prescribed by the Legislature. Plaintiffs’ franchises or charters carry no guarantees of futurity in the same form. ‘ * Continuance of this kind of business depends on legislative permission, and this permission may be conditioned and the imposed conditions altered from time to time according to the legislative view of fairness.” (Finger Lakes Racing Assn. v. New York State Off-Track Betting Comm., 30 N Y 2d 207, 220.) Thus, if any state of facts can be conceived reasonably justifying the legislative fiat that no license shall be granted to any quarter horse racetrack located within 50 miles of any existing track for any type of racing, except in the Counties of Suffolk and Albany where suck license may be granted to any quarter horse track located moré than 35 miles of any other existing track, then, of course, the constitutionality of such statute cannot be doubted. (Matter of Roosevelt Raceway v. County of Nassau, supra; Matter of 436 West 34th St. Corp. v. McGoldrick, 288 N. Y. 346; McGowan v. *1100 Maryland, 366 U. S. 420.) In this connection it appears that-prior to the enactment of the Quarter Horse statute (L. 1970, ch„ 1023) similar bills were considered by six prior Legislatures, together with the recommendations of a 1965 Joint Legislative Committee on Quarter Horse Bacing. In view of the area in which the temporary quarter horse licensees are located, it cannot be said that the establishment of a 35-mile radius for Suffolk and Albany Counties was based on fictions or on arbitrary or unreasonable assumptions of fact, nor does it indicate hostile or oppressive discrimination against plaintiffs. (Matter of Roosevelt Raceway v. County of Nassau, supra.) Nor can it be said that no state of facts reasonably justifying the differentiation in distance restrictions is conceivable. There is a rebuttable presumption of the existence of the necessary factual support for the provisions of a statute which was known to the Legislature. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, supra.) The court concludes that the Legislature had before it the necessary factual support for the enactment of section 67 (subd. 4) of the Pari-Mutuel Bevenue Law by chapter 1023 of the Laws of 1970, and that the presumption has not been overcome. The court is also of the opinion that the passage of the statute in question was a valid exercise of the police- power and of the power and authority of taxation given to the Legislature by section 9 of article I of the State Constitution.
Accordingly, defendants’ motions are granted and the complaint is dismissed. Plaintiffs’ motion is denied.