■ In the Matter of Louis Nicolella, Appellant-Respondent, v Frank Culver et al., Constituting the Board of Elections of the County of Fulton, Respondents, and Eugene D. Reppenhagen, Respondent-Appellant. — Cross appeals from a judgment of the Supreme Court at Special Term (Walsh, J.), entered December 8, 1981 in Fulton County, which, in a proceeding pursuant to section 16-106 of the Election Law, directed that respondent Reppenhagen be certified as the successful candidate for the office of Mayor of the City of Gloversville. The judgment of Special Term should be affirmed. Initially, we find no merit in petitioner's contention that the court should have disqualified itself from hearing this proceeding. Morever, no error was committed in the court's rulings upon certain challenged absentee ballots. With respect to that portion of the petition which seeks review of an alleged refusal by the respondent board of elections to open certain affidavit envelopes (see Election Law, § 8-302, subd 3, par [f], cl 2; § 9-209, subd 2), we agree with Special Term's determination that such issue is not reviewable in a summary proceeding pursuant to subdivision 1 of section 16-106 of the Election Law as petitioner now urges (see, e.g., *Matter of Corrigan v Board of Elections of Suffolk County*, 38 AD2d 825, 826-827, affd 30 NY2d 603; 18A NY Jur, Elections, § 842, p 384). In addition, we conclude that the cursory allegations in the petition, made upon information and belief, are insufficient to permit review of this issue under any other provision of the Election Law (see, e.g., *Matter of Cregg v Fisselbrand*, 22 AD2d 342, 345, affd 15 NY2d 748). In view of this determination, we consider it unnecessary to pass upon the issue raised by the cross appeal. Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.