■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAMOS, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered May 22, 1981, convicting him of criminal sale of a controlled substance in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY WILLIAMS, Appellant. — Judgment of the Supreme Court, Kings County (Bonomo, J.), rendered March 20, 1981, affirmed. No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.

## (December 28, 1982)

■ In the Matter of CHERYL J. BRADLEY et al., Appellants, v ANTONIA D'APICE et al., Respondents-Respondents, et al., Respondents. — In a proceeding, *inter alia,* seeking (1) permission to examine the voting machines and paper ballots relating to an election held on November 2, 1982, for the office of Family Court Judge for the County of Westchester, and (2) a recanvass of the votes, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Burchell, J.), entered December 17, 1982, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. The petition in the instant matter failed to set forth facts sufficient to justify the relief requested. Before a court may grant permission to examine voting machines and paper ballots or direct a recanvass, the petition must provide facts which support the claim that irregularities, discrepancies or errors occurred which affected the outcome of the election. Statements based on information and belief, which fail to state the source of the information or the grounds for the belief are insufficient (see *Matter of Cregg v Fisselbrand,* 22 AD2d 342, affd 15 NY2d 748). At bar, neither the petition nor the supporting affidavit sets forth sufficient factual allegations. We further note that petitioners did not object in a timely fashion to the form or substance of the "notice of recanvass". O'Connor, J. P., Bracken, Rubin and Boyers, JJ., concur.