In the Matter of JAMES A. COHEN, Respondent, v KEVIN A. MOSS et al., Appellants, et al., Respondents. — Appeal from an order of the Supreme Court at Trial Term (Conway, J.), entered October 18, 1983 in Albany County, which denied a motion by respondent candidates to dismiss certain paragraphs of the petition, in a proceeding pursuant to section 16-102 of the Election Law, seeking to declare invalid the nominating petition naming said respondents as candidates of the Independent Party for various town offices in the Town of Guilderland in the November 8, 1983 general election. Where a petitioner has previously filed general objections and specifications against an independent nominating petition with the board of elections and his petition in a proceeding under the Election Law incorporates those specifications by reference, we do not find the failure to attach a copy of the specifications of objections to the petition to be a fatal defect requiring dismissal of the petition. Thus, Trial Term correctly denied a motion by respondent candidates in the instant

proceeding to dismiss certain paragraphs of the petition. Where, as here, the specifications had been on file with the board of elections for eight days prior to the return date contained in the order to show cause commencing the proceeding and the candidates' attorney was served with the specifications five days before the hearing conducted at Trial Term, there was adequate notice of the relief being sought and those portions of the petition being attacked cannot be deemed jurisdictionally defective (see *Matter of De Santis v Pedone,* 61 AD2d 1136, affd 45 NY2d 799). We write further, however, to note our concern with the procedure utilized by Trial Term in adjourning the hearing pending determination of this appeal of an interlocutory order. Such a practice wastes valuable time while the interlocutory order is being reviewed in the appellate process and could, under certain circumstances, prejudice those seeking relief in the judicial proceeding. Due to the time constraints involved in election cases, the better practice would be for Trial Term to complete its hearing and allow any interlocutory rulings to be reviewed on appeal from the final judgment. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.