◼ In the Matter of THOMAS H. OBERLE, Appellant, v ROSE CARACAPPA, Respondent-Respondent, et al., Respondents.—In a proceeding to invalidate a petition designating Rose Caracappa as a candidate in the Republican Party primary election to be held on September 15, 1987, for the public office of Suffolk County Legislator, Fourth Legislative District, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 19, 1987, which denied the application. The notice of appeal from the decision of Justice Gerard dated August 10, 1987, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is reversed, without costs or disbursements, and the matter is remitted to the Supreme

Court, Suffolk County, for a new hearing and determination on all issues.

The petitioner Thomas H. Oberle, candidate for the Suffolk County Legislature from the Fourth Legislative District, commenced a proceeding challenging the designating petition filed by Rose Caracappa, a candidate for the same office. The pleading incorporated by reference line by line written specifications served upon Caracappa and filed with the Board of Elections, and thereafter listed 25 grounds which were stated in general terms challenging the Caracappa designating petition. Another paragraph of his pleading challenged the designating petition on the basis of fraud.

At the trial, the court dismissed the proceeding. We now reverse and remit.

Although it is true that the 25 grounds listed in the petitioner's pleading were asserted in general terms, the specifications were incorporated by reference. Thus the trial court erred in dismissing those claims for lack of specificity since the pleadings and specification combined together possessed the required specificity *(see, Matter of Cohen v Moss,* 97 AD2d 644).

The trial court also erred when it refused to allow the petitioner to call to the stand the witnesses already present in the courtroom, in response to subpoenas which were summarily quashed by the court. It further erred when it did not permit testimony as to what the subscribing witnesses said when presenting the Caracappa petition for signature. The trial court considered such testimony to be hearsay, but it is settled law that hearsay exists only when an out-of-court statement is introduced for the truth of the matter asserted in that statement, not when such testimony is introduced merely to demonstrate that the statement was made *(see, Matter of Bergstein v Board of Educ.,* 34 NY2d 318, 324).

Finally, in view of the issues referred to above, at the new hearing, if the trial court finds that the testimony of Alan D. Oshrin is necessary, he should be disqualified as Caracappa's trial counsel *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 445-446). Mollen, P. J., Mangano, Thompson, Lawrence and Sullivan, JJ., concur.