■ In the Matter of RUDY WASHINGTON, Appellant, v CYNTHIA JENKINS et al., Respondents.—In a proceeding, inter alia, (1) to cancel and set aside the statement and returns of canvass of the Inspectors of Election for the Democratic Party primary election for the public office of Member of the Assembly from the 29th Assembly District pursuant to Election Law § 16-102 (3), (2) to hold a new primary election, and (3) to enjoin the respondents Commissioners of Elections of the City of New York from declaring that the respondent Cynthia Jenkins is the nominee of the Democratic Party for the public office of Member of the Assembly from the 29th Assembly District, the appeal is from a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated October 19, 1988, which, after a hearing, dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

We agree with the finding of the Judicial Hearing Officer that the petition failed to set forth facts sufficient to warrant the relief requested. The petition must set forth facts which support the claim that irregularities occurred which altered the outcome of the election (see, Election Law § 16-102 [3]). Allegations based on mere information and belief, omitting the source of the information or the basis for the belief, are insufficient (see, Matter of Bradley v D'Apice, 91 AD2d 691;

*Matter of Cregg v Fisselbrand,* 22 AD2d 342, *affd* 15 NY2d 748). In the present case, neither the petition nor the supporting affidavit states the names of voters who were allegedly improperly prohibited or permitted to vote in the primary election. Moreover, there is no assertion that the petitioner has obtained this information.

We have reviewed the appellant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kooper and Harwood, JJ., concur.