OPINION OF THE COURT
Rosemary S. Pooler, J.
The petitioner in this special proceeding challenges a slate of candidates selected at a Democratic party caucus held in the Town of Salina on May 6, 1993. Petitioner alleges both that the caucus was held without proper notice and that it was marred by various illegal and irregular procedures.
Respondents Barbara Wallace and Andrew Piraino have moved to dismiss this proceeding. I announced my oral decision to deny the motion to dismiss from the Bench on the motion return date, June 7, 1993. An order denying the motion was signed on June 9, 1993. At the time of argument, the attorneys were informed that a written decision would follow to more fully explain the rationale for denying the motion to dismiss.
Respondents argue that this proceeding should be dismissed (1) because it was not timely commenced, (2) because copies of the general and specific objections to the certificate of nomination filed with the Board of Elections were not served on the respondents, and (3) because the petitioners have failed to join all necessary parties.
The certificate of nominations from the May 6, 1993 caucus *963 was filed in the office of the Onondaga County Board of Elections on May 11, 1993. The order to show cause in this proceeding was signed by the Hon. Thomas J. Murphy on May 21, 1993 and filed in the Onondaga County Clerk’s office on May 21, 1993. It allowed service by personal delivery to each respondent or to a person of suitable age or discretion at the actual place of business, dwelling place or usual place of business of each respondent on or before May 28, 1993. All respondents were served pursuant to the terms of the order to show cause.
Election Law § 16-102 (2) provides, in pertinent part: "A proceeding with respect to a * * * caucus shall be instituted within ten days after * * * the filing of the certificate of nominations made at such caucus.”
Election Law § 16-116 describes proceedings under article 16 of the Election Law as "special proceeding^]”.
Respondents urge that notwithstanding the 1992 amendment to CPLR 304 (L 1992, ch 216) providing that a special proceeding is commenced by filing the order to show cause or notice of petition with the clerk of the court and the addition of CPLR 306-b (a) which gives the petitioner 15 days from the date of filing to file proof of service of the order to show cause, Election Law § 16-102 (2) requires that the order to show cause be served within 10 days of the filing of the certificate of nominations.
Respondents rely on a line of cases decided under Election Law § 16-102 (2) which strictly construe the time limitations of section 16-102 (2). (See, for example, Sack v Board of Elections, 65 NY2d 958 [1985]; Mackey v Nassau County Democratic Comm., 147 AD2d 688 [2d Dept 1989] [failure to serve order to show cause within 10 days of filing the certificate of nominations precluded judicial review].) These cases were decided before the recent CPLR amendments and are therefore of precedential value only insofar as they indicate that section 16-102 (2) should be strictly construed.
However, respondents also rely on Justice Ingrassia’s unreported decision in Farmer v King (Sup Ct, Westchester County, Oct. 19, 1992, index No. 1761B/92). In Farmer, the petitioner challenged the results of a primary election. He filed his order to show cause with the County Clerk on September 25, 1992, the last day of the section 16-102 (2) Statute of Limitations. He failed to achieve service within the period specified in the order to show cause and his petition *964 was dismissed on the return date. He then commenced a new CPLR article 78 proceeding by filing a new order to show cause on October 8, 1992, 13 days after the expiration of the Statute of Limitations. He sought to obtain the benefit of CPLR 306-b (b) which allows a petitioner who has timely commenced a proceeding against a body or officer but then failed to timely serve or file an additional 15 days to recommence the proceeding. Justice Ingrassia held that this extension was unavailable to petitioner because of the special nature of an Election Law article 16 proceeding and the clear intent of the Legislature that article 16 proceedings have preference over all other proceedings.
It should be noted preliminarily that Justice Ingrassia was construing subdivision (b) of CPLR 306-b and not subdivision-(a) of the same statute, which along with CPLR 304, is the governing section in this proceeding. In addition, Justice Ingrassia expressed no disapproval of the order to show cause originally issued by the calendar Judge which provided for a period of service extending beyond the expiration of the Statute of Limitations.
The wording of subdivision (b) of CPLR 306-b differs in one significant respect from that of subdivision (a) of CPLR 306-b. Subdivision (a) gives petitioners in all proceedings 15 days to file proof of service; subdivision (b) grants a second chance at commencement after a proceeding is deemed dismissed only to "a proceeding against a body or officer”. It is thus arguable that subdivision (b) is applicable only to traditional article 78’s and not to other more "specialized” special proceedings. Therefore, the wording of the two subdivisions of CPLR 306-b can support different conclusions as to their relationship with Election Law § 16-102. Confined to its facts, Justice Ingrassia’s opinion does not hold that section 16-102 (2) is inconsistent with CPLR 304 and/or CPLR 306-b (a). However, Justice Ingrassia also stated: "While the amended provisions of the CPLR enacted in Chapter 216 of the Laws of 1992 are generally applicable to civil actions and proceedings, such general provisions explicitly conflict with the specific provisions of Election Law Article 16.”
I respectfully disagree with this general proposition. I find no conflict between Election Law § 16-102 (2) and CPLR 304 or 306-b (a). The Election Law provision prescribes that a proceeding to challenge a caucus must be "instituted” within 10 days of the filing of the certificate of nominations. Election Law § 16-116 states that proceedings under article 16 are *965 special proceedings. CPLR 304 states that a special proceeding is "commenced” by filing the order to show cause or notice of petition with the clerk of the court. CPLR 306-b (a) provides that once a special proceeding is commenced, the petitioner must file proof of service of the order to show cause or notice of petition within 15 days of face dismissal. This is a perfectly consistent legislative scheme. "Instituted” is not synonymous with "served”; it is synonymous with "commenced”. CPLR 304 defines how any special proceeding is "commenced” and CPLR 306-b (a) defines how the petitioner must proceed after commencement. While policy reasons might support the Legislature providing specifically for a shorter period for service after "commencement” or "institution” of an article 16 proceeding, the fact remains that it did not and that such a limitation cannot be read into the statute absent any indication in its wording that it was intended.
Respondent Wallace next argues that petitioner is without standing to maintain this proceeding because he has failed to annex copies of the general and specific objections filed with the Board of Elections to his petition. Petitioner concedes that he did not serve copies of these documents with the order to show cause. However, they were served with petitioner’s responding affirmation in this motion and thus have been available to respondents for more than five days before they will be required to file an answer and for an even longer period before any hearing can be held. Under these circumstances, the failure of petitioner to serve them with the original order to show cause does not require dismissal. (Matter of Cohen v Moss, 97 AD2d 644 [3d Dept 1983].)
The final argument advanced by respondents is that this proceeding should be dismissed for failure to join necessary parties. Respondents cite two different categories of "necessary parties”, i.e., candidates selected at the May 6 caucus and other objectors. As previously noted, all candidates selected were timely served. Therefore, the first branch of respondents’ motion, which is premised on Matter of Marin v Board of Elections (67 NY2d 634 [1986]), is without merit.
Respondents have not cited any cases which require dismissal because other objectors were not joined or served. Nor does their argument make sense on either policy or legal grounds. To the extent that respondents fear inconsistent results in the case of Schadt v Wallace (which involves other objectors to this same slate of candidates), they can move for joinder or consolidation. To the extent that they fear other *966 unnamed objectors, their fear is groundless since the time for any other objector to institute an article 16 proceeding has passed.
The order previously signed is amended nunc pro tune to reflect in the judgment roll this decision and the affidavit of Barbara Wallace sworn to the 3rd day of June 1993.