(August 24, 1993)

■ In the Matter of JUDITH MAZZA, Appellant, v BOARD OF ELECTIONS OF THE COUNTY OF ALBANY et al., Respondents. [601 NYS2d 508] —Per Curiam. Appeal from an order of the Supreme Court (Keegan, J.), entered August 16, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Jerry Signer as the Democratic Party candidate for the office of Albany City

Alderman, First Ward in the September 14, 1993 primary election.

We disagree with the conclusion reached by Supreme Court. Under the facts of this case, it is our view that petitioner's reference in her pleading to the objections and specifications of objections filed with respondent Board of Elections, coupled with the general statements in the petition of the types of improprieties on which petitioner intended to base her challenge, sufficiently apprised respondent Jerry Signer (hereinafter respondent) of the allegations being made against his designating petition *(see, Matter of Cohen v Moss,* 97 AD2d 644, *lv denied* 60 NY2d 558; *Matter of Belak v Rossi,* 96 AD2d 1011, 1011-1012, *lv denied* 60 NY2d 552). Furthermore, an affidavit containing facts sufficient to support a particularly egregious finding, that respondent himself witnessed a fraudulent signature *(see, Matter of Bynoe v Board of Elections,* 164 AD2d 929, 929-930, *lv denied* 76 NY2d 705), is also in the record, having been presented to the Board of Elections at the hearing. It can hardly be said then that respondent was unaware of this basis for an allegation of fraud—an issue which the Board of Elections acknowledged is beyond its jurisdiction.

Finally, should petitioner attempt to prove defects not listed in the specifications of objections, or to argue points not raised before the Board of Elections, Supreme Court can, and should, preclude such proof to protect respondent's due process rights *(see, Matter of Belak v Rossi, supra,* at 1011-1012). Thus, in view of the seriousness of petitioner's claims, and because we are unable to discern any prejudice whatsoever to respondent as a result of permitting the charges—at the very least to the extent those allegations of which respondent has been put on notice by the proceedings below—to be determined on the merits, we find dismissal of the entire proceeding to have been improper.

Accordingly, we reverse Supreme Court's order dismissing the proceeding for failure to state a cause of action and remit the matter for a determination on the merits.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur.

Weiss, P. J. (dissenting). I respectfully dissent. A review of the petition in this proceeding reflects a blunderbuss charge couched only in conclusory terms made upon information and belief challenging the designating petition of respondent Jerry Signer (hereinafter respondent). Petitioner failed to give respondent notice of the specific irregularities and errors which

form the basis of her shotgun attack *(see, Matter of O'Toole v D'Apice,* 112 AD2d 1078, *lv denied* 65 NY2d 607). While the petition contains an oblique reference to her filing of objections, that reference was made solely to support her claim of status as an aggrieved person for standing purposes *(see,* Election Law § 16-102 [1]). There is a complete absence of any words to indicate the incorporation in, or reference to, the general objections and specifications. Instead, the petition contains only conclusory allegations of irregularities, and provides no basis to support an inference that it was petitioner's intention to rely upon the earlier specifications *(see, e.g., Matter of Oberle v Caracappa,* 133 AD2d 202, 203; *Matter of Cohen v Moss,* 97 AD2d 644, *lv denied* 60 NY2d 558). I cannot accede to a proposition which in essence holds that the mere filing of objections with respondent Board of Elections will in every instance constitute sufficient notice of a petitioner's allegations in a subsequent special proceeding. This is particularly true here were petitioner has alleged fraud and mistake, which requires that "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]). Respondent filed a designating petition containing 765 signatures collected by over 15 individuals nominating him for the position of Alderman in the First Ward of the City of Albany. Only 165 valid signatures were necessary.

Petitioner fully participated in the hearing before the Board of Elections upon her objections where factual determinations were made on those allegations until it became obvious to the Board that there were many more valid signatures than the necessary minimum of 165. Most of the determinations were made without comment by, or an offer of proof from either petitioner or her counsel. It was apparent that many of the allegations were made solely on the basis of petitioner's opinion about the appearance of the signature.

Proceedings under Election Law article 16 are summary in nature and enjoy preferences over all other matters (Election Law § 16-116). As a result of the expedited proceedings, a respondent is entitled to know precisely the nature of an attack to enable her or him to prepare and present an intelligent, planned and organized defense. Here, the proceeding was commenced with substituted service made on July 29, 1993. It was not until the adjourned return date of August 16, 1993 that petitioner for the first time advised respondent that the bulk of her allegations involved the previously filed objections, and even then the allegations and additional objections continued to be solely upon information and belief, without

either an indication of or basis for that information and belief. A petition must set forth the facts which support the claimed irregularities, discrepancies or errors, and allegations based on mere information and belief, omitting the source of the information or basis for the belief, are insufficient *(see, Matter of Washington v Jenkins,* 144 AD2d 367; *Matter of Bradley v D'Apice,* 91 AD2d 691).

While I am mindful the Election Reform Act of 1992 (L 1992, ch 79) sought to, *inter alia,* make sweeping changes in the nominating process designed to facilitate and enhance access to the ballot, the requirements for basic compliance with the pleading process remain unaltered (CPLR 3013, 3016 [b]).

It is clear that petitioner, who had ample opportunity to investigate and set forth the factual basis for her allegations, proceeded with intent to surprise or was engaged in a fishing expedition for supporting evidence during a trial. Neither situation should be tolerated *(see, Matter of Cregg v Fisselbrand,* 22 AD2d 342, 346, *affd* 15 NY2d 748; *cf., Matter of Delmont v Kelly,* 172 AD2d 1067, *lv denied* 77 NY2d 809).

In view of the inadequacy of the petition, I believe Supreme Court properly dismissed the petition and would therefore affirm its order.

Ordered that the order is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.