■ Peggy W. Splawn, Respondent, v Lextaj Corp., NV, Appellant, and Pinkerton's Inc., Respondent, et al., Defendants. [603 NYS2d 41] —Order, Supreme Court, New York County (Karla Moskowitz, J.) entered on or about January 7, 1993, which, *inter alia,* granted defendant Pinkerton's Inc.'s motion for summary judgment dismissing both the complaint and defendant Lextaj Corp.'s cross claims as against it, and

denied Lextaj's cross motion for summary judgment dismissing the complaint as against it, or, in the alternative, for leave to amend its answer to add the affirmative defense of apportionment of liability pursuant to CPLR article 16, and judgment, Supreme Court, New York County (Carol Arber, J.), entered on or about May 10, 1993, after a jury trial, in favor of plaintiff and against defendant Lextaj in the amount of $1,800,000 for past pain and suffering, and $200,000 for future pain and suffering, together with interest, costs, and disbursements, unanimously affirmed, with one bill of $250 costs and disbursements of these appeals.

The hotel logbook entries containing reports of burglaries and thefts on the premises were not hearsay since they were offered not for the truth of the matters asserted but to show that the hotel had received the information and was therefore on notice of criminal activity. Since the business record rule was therefore not implicated it was immaterial that the hotel guests who made the reports were under no duty to do so. In any event, testimony of a hotel assistant manager and of a Pinkerton's security guard assigned to the hotel was sufficient to demonstrate that the hotel was on notice. While the notice was of burglaries, rather than of rape or other violent crimes similar to the incident here, there is no requirement that the criminal conduct be of the same type as that to which plaintiff was subjected in order to establish foreseeability (Jacqueline S. v City of New York, 81 NY2d 288, 294-295), and indeed burglary is a willful act from which physical injury can reasonably be said to be a probable consequence (see, Nallan v Helmsley-Spear, Inc., 67 AD2d 719, 724 [Hopkins, J., dissenting], revd 50 NY2d 507), as defendant's witnesses conceded.

The adequacy of the hotel's security was within the province of the jury, as was proximate cause (see, Rotz v City of New York, 143 AD2d 301, 304). Since the rapist was clearly identified as someone who did not belong in the hotel, the situation is unlike those in which proximate cause had not been demonstrated because it could not be shown how the unknown criminal third party entered the premises (see, Kistoo v City of New York, 195 AD2d 403, citing Pagan v Hampton Houses, 187 AD2d 325 [as likely as not that crime was committed by someone known to decedent whose presence in the building was not due to any negligence on landlord's part]; Hendricks v Kempler, 156 AD2d 425, lv denied 77 NY2d 808 [possibility that the assailant gained entry through persons he knew in the building]).

While the trial court may have erred in sending an exhibit into the jury room in addition to that requested, and improperly accorded plaintiff's security witnesses expert status while denying such status to defendant Lextaj's witnesses, under the circumstances herein any such errors did not have an impact on the verdict.

The amount of damages awarded does not deviate materially from reasonable compensation (cf., Pantages v L.G. Airport Hotel Assocs., 187 AD2d 273).

We have considered defendant Lextaj's other arguments including, inter alia, the claim that the trial court was biased, and find them either unpreserved or without merit. Concur— Murphy, P. J., Kupferman, Ross and Rubin, JJ.