■ PETER STERN et al., Appellants, v WALDBAUM, INC., a Subsidiary of GREAT ATLANTIC & PACIFIC TEA COMPANY, Respondent. [651 NYS2d 187] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Burke, J.), entered November 2, 1995, which granted the defendant's trial motion for a judgment as a matter of law and dismissed the complaint.

Ordered that the order and judgment (one paper) is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and a new trial is ordered.

The injured plaintiff slipped and fell on a large spill of liquid soap on the floor of the defendant's supermarket, near aisle No. 1. At the liability trial, the court would not allow the plaintiffs' eyewitness to testify that some 10 to 15 minutes before the fall an announcement was made over the public address system directing an employee to clean up a spill in aisle No. 1. The court reasoned that the statement was inadmissible hearsay. It then dismissed the complaint for the plaintiffs' purported failure to establish that the defendant had notice of the spill. We now reverse and order a new trial.

Hearsay is defined as an out-of-court statement offered to prove the truth of the matter asserted therein. However, a statement which is not offered to establish the truth of the facts asserted therein is not hearsay (see, Provenzo v Sam, 23 NY2d 256, 261; Matter of Bergstein v Board of Educ., 34 NY2d 318, 323-324). It is well established that out-of-court statements by unknown declarants are admissible to establish notice of a dangerous condition, even where the accuracy of the statements is not established (see, e.g., Morrissey v Riverbay Corp., 222 AD2d 234; Splawn v Lextaj Corp., 197 AD2d 479). Where, as here, the truth of the statement is not at issue, it does not matter that the original declarant is unknown and unavailable for cross examination. Anyone who heard an out-of-court utterance which is offered merely to prove that it was made may testify to it, and have his veracity tested upon cross examination in the ordinary way (see, e.g., Matter of Oberle v Caracappa, 133 AD2d 202; Holyoke Mut. Ins. Co. v B.T.B. Realty Corp., 83 AD2d 603). Ritter, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.