■ In the Matter of DEBBONY OCTAVIA M., a Child Alleged to be Permanently Neglected. LISA M., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent, et al., Respondent. [717 NYS2d 62] —Order, Family Court, Bronx County (Alma Cordova, J.), entered May 7, 1997, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and committed custody and guardianship of the child to petitioner Commissioner of Social Services of the City of New York, unanimously affirmed, without costs.

Family Court properly admitted into evidence those portions of the case file and progress notes considered by the court in making its determination, since the contents of the admitted documents were not offered for the truth of matter as to respondent-appellant's domicile, but only to demonstrate that petitioner agency had diligently attempted to locate respondent (see generally, Matter of Bergstein v Board of Educ., 34 NY2d 318, 323-324; Splawn v Lextaj Corp., 197 AD2d 479,

480), and, in light of the evidence of the agency's attempts to locate respondent, the court properly concluded that the agency had been sufficiently diligent in encouraging the parent-child relationship to satisfy the statutory mandate, the success of its efforts having been frustrated not by their inadequacy but by respondent's unresponsiveness (see, Matter of Star Leslie W., 63 NY2d 136, 144).

The typographical error in the petition, indicating the wrong date on which the subject child came into the care of the agency, a date significantly before her birth, did not constitute a jurisdictional defect. Respondent, moreover, was fully aware of the error and was informed of the correct date prior to the fact-finding hearing.

We have examined respondent-appellant's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.