■ MARIA GELPI, Appellant, v 37TH AVENUE REALTY CORP., Defendant, and 89-02 FOOD CORP., Doing Business as TRADE FAIR SUPERMARKET, Respondent. [721 NYS2d 380] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated March 2, 2000, which granted the motion of the defendant 89-02 Food Corp., d/b/a Trade Fair Supermarket, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint insofar as asserted against 89-02 Food Corp., d/b/a Trade Fair Supermarket, is reinstated.

The plaintiff alleges that she slipped and fell on garlic oil in the dairy aisle of the defendant 89-02 Food Corp., d/b/a Trade Fair Supermarket (hereinafter Trade Fair). At her deposition, the plaintiff testified that before she fell, she overheard a customer tell a store employee that he had a jar of minced garlic and "it was either broken or it was leaking, cracked or something." In addition, while near the dairy aisle, the plaintiff noticed a garlic odor. The Supreme Court found that the plaintiff's statement was inadmissible hearsay, and therefore insufficient to defeat the motion by Trade Fair.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted therein. However, a statement which is not offered to establish the truth of the facts asserted therein is not hearsay (*see, Stern v Waldbaum, Inc.,* 234 AD2d 534). It is well established that out-of-court statements by unknown declarants are admissible to establish notice of a dangerous condition, even where the accuracy of the statements is not established (*see, Morrissey v Riverbay Corp.,* 222 AD2d 234).

Where, as here, the truth of the statement is not at issue, "it does not matter that the original declarant is unknown and unavailable for cross examination. Anyone who heard an out-of-court utterance which is offered merely to prove that it was made may testify to it, and have his veracity tested upon cross examination in the ordinary way" (*Stern v Waldbaum, Inc., supra,* at 535; *accord, Matter of Oberle v Caracappa,* 133 AD2d 202).

In light of our determination that the statement is admissible, the appellant raised a triable issue of fact, and the respondent's motion for summary judgment should have been denied. Ritter, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.