■ Jose Aponte et al., Appellants, v Chase Manhattan Bank, Respondent. (And a Third-Party Action.) [744 NYS2d 6] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 13, 2001, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion denied.

On March 28, 1999, at about 4:00 in the afternoon, immediately after two men, one waving a gun and screaming, "Don't move. Don't move, or I'll kill someone if you move," came into defendant's bank branch, located at 940 Madison Avenue (74th Street) in New York, plaintiff Jose Aponte, standing at the teller window attempting to cash his paycheck, was shot from behind by the gunman. The robbers fled with over $12,000. The robbery occurred on a Thursday, the day of the week the bank remained open for an additional hour as an accommodation to those who worked in the neighborhood and wished to cash their paychecks. At the time of the robbery, no security guards were employed at the branch. Three and a half months earlier, a robbery had taken place at the same branch. On that occasion, the bank incurred a loss of $4,060; a man had passed the teller a note warning her not to "do anything stupid" and that he had a gun and would "shoot someone [i]n the head" and demanding $6,000. The motion court granted defendant summary judgment dismissing the complaint on the ground that plaintiff's injuries were not foreseeable.

Since we conclude that the robbery at the same branch a few

months earlier presents a question of fact as to foreseeability (*see, Jacqueline S. v City of New York*, 81 NY2d 288, 295), we reverse. While defendant attempts to minimize the similarity between the robberies by characterizing the earlier of the two as "the single prior incident of a note-passer * * * [which is] insufficient to establish foreseeability of the criminal conduct at issue," evidence of a robbery involving the threatened use of a gun at the same location only 3½ months before the robbery in which plaintiff was injured constitutes notice of criminal activity sufficient to raise a triable issue as to the foreseeability of plaintiff's injuries. (*See, Splawn v Lextaj Corp.*, 197 AD2d 479, 480, *lv denied* 83 NY2d 753.)

Finally, we note that foreseeability was the only issue raised. Concur—Saxe, J.P., Buckley, Sullivan and Gonzalez, JJ.