■ SAMUEL L. DAWSON, Respondent, v RAIMON REALTY CORPORATION, Appellant. (And a Third-Party Action.) [758 NYS2d 100] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court,

Queens County (Schulman, J.), dated March 11, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a maintenance worker, slipped and fell while cleaning up a spill that resulted from a leaking pipe in a classroom of the day-care center where he was employed. The defendant, the out-of-possession landlord of the facility housing the day-care center, moved for summary judgment, arguing that it lacked notice of the defective condition. Its motion was supported by an affidavit of its CEO, stating that nobody contacted her regarding the defect before the accident. Thus, the defendant satisfied its burden of establishing in the first instance its entitlement to summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The burden then shifted to the plaintiff to establish the existence of a material issue of fact requiring a trial (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiff submitted an affidavit indicating that he notified two of his supervisors of the leak before the accident, and that he saw and heard both of these supervisors call the defendant about the defect. In its reply, the defendant urged the Supreme Court to ignore the affidavit, claiming that it both contained hearsay and failed to establish actual notice. The Supreme Court denied the defendant's motion for summary judgment. We affirm.

Statements which are not offered to establish the truth of the facts asserted therein are not hearsay (*see Gelpi v 37th Ave. Realty Corp.,* 281 AD2d 392 [2001]; *Stern v Waldbaum, Inc.,* 234 AD2d 534, 535 [1996]). The plaintiff's statements about the conversations he overheard were not offered to establish that the pipe was leaking, but to demonstrate that the defendant had notice of this defect. Moreover, giving the plaintiff's affidavit the benefit of every inference which reasonably can be drawn from it (*cf. Secof v Greens Condominium,* 158 AD2d 591, 593 [1990]), the Supreme Court correctly held that a rational trier of fact could conclude that the defendant was actually notified of the condition before the plaintiff's accident. Therefore, the Supreme Court properly relied on the affidavit in finding that there was a triable issue of fact.

Finally, the defendant's claim that the plaintiff cannot recover for injuries caused by the dangerous condition he was attempting to repair also fails. It is true that the defendant may put forth this claim for the first time on appeal, given that it alleges no new facts, but merely raises a legal argument which could not have been avoided by the plaintiff had it been raised

in the Supreme Court (*see Matter of Cooke v City of Long Beach,* 247 AD2d 538 [1998]). However, the plaintiff attempted to stop the leak on behalf of his employer, the day-care center. He was not dispatched to repair the condition as an employee of the defendant. The rule cited by the defendant is not applicable under such circumstances (*see Piecyk v Otis El. Co.,* 164 AD2d 816, 817 [1990]). Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.