■ NICHOLAS JOSEPH, Respondent, v HEMLOK REALTY CORP., Appellant. [775 NYS2d 61]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated June 10, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly sustained injuries when the sash of a window suddenly descended on his right hand which was resting on the window ledge. At the time of the accident, the plaintiff was in his friend's apartment which was owned by the defendant.

The plaintiff commenced this action against the defendant alleging negligence. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the defendant's motion. We reverse.

Based upon the deposition testimony of each of the defendant's president and the building superintendent, neither of them received any complaint about the subject window. The roommate of the plaintiff's friend testified at her deposition that no such complaints were made. Thus, the defendant established its entitlement to judgment as a matter of law by demonstrating through deposition testimony, that it had no notice of any defective condition involving the window. In opposition, the plaintiff submitted only hearsay evidence consisting of his own deposition testimony in which he claimed that his friend told him that either his friend or his friend's roommate previously complained about the window to the building superintendent. However, the plaintiff failed to produce any affidavit or testimony from his friend to that effect, or demonstrate acceptable excuse for his failure to do so (*see Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068 [1979]; *Allstate Ins. Co. v Keil,* 268 AD2d 545, 545-546 [2000]). Thus, the plaintiff failed to raise a triable issue of fact (*see Allstate Ins. Co. v Keil, supra* at 545; *see generally Wilbur v Wilbur,* 266 AD2d 535, 536 [1999]).

The plaintiff's remaining contentions are without merit. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.