■ Daniel Papa, Appellant, v Robert E. Sarnataro, Respondent. [792 NYS2d 613]—

In an action, inter alia, to recover damages for wrongful death caused by alleged medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered April 14, 2003, which, upon a jury verdict in favor of the defendant on the issue of liability, dismissed the amended complaint.

Ordered that the judgment is reversed, on the law, the amended complaint is reinstated, and a new trial is granted before a different Justice, with costs to abide the event.

Ellen Papa was a patient of the defendant Dr. Robert E. Sarnataro from March 16, 1993, through August 1, 1996. She was diagnosed with lymphoma in approximately August 1996. She and her husband, the plaintiff Daniel Papa, commenced this medical malpractice action against the defendant based upon his alleged failure to timely diagnose the disease, reducing her life expectancy. Ellen Papa died as a result of the disease on November 15, 1998. Upon his wife's death, Daniel Papa was appointed the executor of her estate and the complaint was amended accordingly.

At trial, deposition testimony elicited from Ellen Papa prior to her death was read into the record. She testified that she had informed the defendant at every visit to him that she was suffering from night sweats. In contrast, the defendant testified that Ellen Papa did not inform him of the night sweats prior to March 4, 1995. Although the defendant testified that night sweats are a symptom of lymphoma, he did not order any tests to determine the cause of Ellen Papa's night sweats. The parties' experts agreed that multiple complaints of night sweats require a work-up, and the plaintiff's expert implied that a work-up would not be called for by a single incident. Thus, a crucial issue at trial was the frequency of complaints of night sweats that Ellen Papa made to the defendant. The trial judge expressed his own opinion in front of the jury that Ellen Papa complained only once to the defendant. This was accurately based on the testimony of the only witness who had testified up to that point, the defendant.

The plaintiff tried to testify that when he accompanied Ellen Papa on each of her visits to the defendant, she complained from 1994 on to the defendant about her night sweats. The trial court sustained the defendant's objections to this line of questioning on the ground of hearsay and the Dead Man's Statute, CPLR 4519. Nonetheless, the plaintiff later succeeded in putting this testimony before the jury. Yet, when the parties were discussing the verdict sheet before the jury was brought into the courtroom, the trial court repeated his view that Ellen Papa had made only one complaint of night sweats.

When the jury was given its interrogatories, it was asked: "Did the defendant depart from good and accepted medical practice by failing to perform or order proper tests to determine the cause of Ellen Papa's complaint of night sweats?" The jury found that the defendant did not depart from good and accepted

medical practice by failing to perform or order proper tests to determine the cause of Ellen Papa's complaint of night sweats.

On appeal, the plaintiff contends, inter alia, that the verdict sheet should have stated "complaints" of night sweats and not "complaint." He also argues that the trial judge deprived him of a fair trial by making known his opinion that Ellen Papa had complained of night sweats only once, and that the court erred in sustaining objections to the plaintiff's testimony about Ellen Papa's repeated complaints to the defendant about her night sweats. Finally, he contends that the trial court improperly allowed the defense experts to testify without a proper CPLR 3101 (d) notice and that it erred in denying his request following their testimony for a *Frye/Daubert* hearing (*see Frye v United States,* 293 F 1013 [1923]; *Daubert v Merrell Dow Pharmaceuticals, Inc.,* 509 US 579 [1993]).

The judgment must be reversed, inter alia, and a new trial granted. The verdict sheet virtually told the jury to adopt the defendant's version of the number of times Ellen Papa complained of night sweats and to reject the testimony to the contrary of the plaintiff and Ellen Papa. Had it stated "complaint or complaints" or had it posed a preliminary interrogatory "Did Ellen Papa complain to the defendant about night sweats more than once?" we would not be granting a new trial. The verdict sheet impermissibly skewed in the defendant's favor the question of departure based on the most contested factual issue in the case—the number of times Ellen Papa had complained to the defendant about her night sweats.

However, the plaintiff was not deprived of a fair trial by the trial judge's comment after the defendant testified, as the plaintiff's first witness, that there was only a single complaint because that was all there was on the record up to that point.

Neither does the trial court's error in sustaining objections to the plaintiff's testimony as hearsay and a violation of the Dead Man's Statute when he tried to describe Ellen Papa's repeated complaints warrant reversal. The testimony was not offered for the truth of the fact that Ellen Papa had suffered night sweats but only for the fact that she had complained about them to the defendant. This was not hearsay (*see Dawson v Raimon Realty Corp.,* 303 AD2d 708, 709 [2003]; *Gelpi v 37th Ave. Realty Corp.,* 281 AD2d 392 [2001]). Nor was the testimony offensive to the Dead Man's Statute. CPLR 4519 only precludes testimony of a conversation between the witness and the deceased, not between the deceased and the defendant (*see Phillips v Kantor & Co.,* 31 NY2d 307, 313 [1972]). The error, however, was circumvented when, shortly after this adverse ruling, the

plaintiff testified amply about Ellen Papa's multiple complaints to the defendant.

Finally, we do not reach the plaintiff's arguments about the defense experts because their testimony related only to causation, an issue not reached by the jury after it found that the defendant had committed no departure (*see Canonico v Beechmont Bus Serv.,* 15 AD3d 327 [2005]; *Gilbert v Luvin,* 286 AD2d 600 [2001]).

The parties' remaining contentions are not dispositive. Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.