■ TERRICK WAITERS, Respondent, v NORTHERN TRUST COMPANY OF NEW YORK et al, Appellants. (And a Third-Party Action.) [816 NYS2d 18]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 12, 2005, which denied defendants-appellants' motions for summary judgment, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff was injured when he slipped and fell on a wet bathroom floor during the course of his employment with third-party defendant Collins Building Services, Inc. (CBS). CBS had been hired by defendant Tower Realty, the building's managing agent, to perform cleaning services in the bathrooms on various floors of the office building, including the 10th floor bathroom. On the day of the accident, while plaintiff was engaged in his bathroom cleaning duties, he took a few steps into the 10th floor bathroom and then fell. Although he did not see any water on the floor before he fell, he noticed that his pants were wet with water after the fall.

Plaintiff commenced the instant action for personal injuries against Tower, the building owner and the 10th floor occupant alleging that defendants were negligent "in creating, installing and maintaining a floor in the 10th floor men's restroom which was extremely slippery [and] in failing to install a non-skid, slip resistant floor surface."

Defendants separately moved for summary judgment, arguing that they did not create the alleged dangerous condition in the bathroom, nor did they have actual or constructive notice of it. They cited the deposition testimony of a representative of each defendant, as well as the testimony of CBS's director of labor relations, all of whom denied knowledge of any prior complaints

regarding a slippery condition in the 10th floor bathroom. Defendant also argued that they could not be held liable in negligence since the plaintiff was allegedly injured by the very condition he was hired to remedy.

In opposition, plaintiff argued that triable issues of fact existed as to defendants' notice of the "persistent" slippery, wet condition on the marble floor of the bathroom. Plaintiff submitted an affidavit stating that his supervisor told him that several Northern Trust employees had complained of wet and slippery conditions in the bathroom, which caused the supervisor to instruct him to dry mop the floor instead of using a wet mop. Plaintiff further averred that he regularly found the marble floor to be slippery due to excess water from the sinks or after he used a wet mop.

Supreme Court denied defendants' motions. The court rejected defendants' arguments that they did not create or have notice of the dangerous condition on the ground that those arguments were premised on the notion that the water was the dangerous condition. Citing plaintiff's deposition testimony that the marble floor would become slippery when water from the sinks was present, the court found a material issue of fact as to whether the floor itself, which was installed by defendants or with their permission, was a dangerous condition. The court also rejected defendants' arguments that no liability could exist where the condition that caused plaintiff's injury was the same one he was hired to remedy, since the dangerous condition here was the marble tile, not the wet floor. We reverse.

It is well established that owners and lessees have a duty to maintain their property in a reasonably safe condition under the existing circumstances (*Basso v Miller*, 40 NY2d 233, 241 [1976]). In order to recover damages for a breach of this duty, a plaintiff must establish that the defendant created, or had actual or constructive notice of the dangerous condition that precipitated the injury (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Zuk v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 275 [2005]; *Mejia v New York City Tr. Auth.*, 291 AD2d 225, 226 [2002]).

Contrary to the motion court's finding, defendants met their burden of demonstrating that they neither created nor had actual or constructive notice of the slippery condition of the bathroom floor. With respect to creation of the condition, the motion court held that the condition of the marble floor itself could constitute a dangerous condition. However, this holding ignores the well-settled principle that absent proof of the reason for plaintiff's fall other than the "inherently slippery" condition

of the floor, no cause of action for negligence can properly be maintained (*Kruimer v National Cleaning Contrs.*, 256 AD2d 1 [1998]; *Duffy v Universal Maintenance Corp.*, 227 AD2d 238, 239 [1996]; *see also Murphy v Conner*, 84 NY2d 969, 971-972 [1994]). Nor does plaintiff's additional allegation that the marble floor became dangerously slippery when wet afford a basis for liability, absent a showing that defendants had actual or constructive notice of a dangerous condition resulting from a combination of these factors (*Wasserstrom v New York City Tr. Auth.*, 267 AD2d 36, 37 [1999], *lv denied* 94 NY2d 761 [2000]; *Hussein v New York City Tr. Auth.*, 266 AD2d 146, 147 [1999]).

Defendants met their initial burden of establishing a lack of actual or constructive notice. Representatives of each of the defendants and plaintiff's employer, CBS, testified at their depositions that they were unaware of any complaints concerning a slippery condition in the subject bathroom. Although plaintiff testified that he personally had observed the slippery condition on occasions, he never told any of the defendants about it. Further, there was no evidence in the record warranting an inference that the wet condition on the bathroom floor was visible and apparent and existed for a sufficient period of time for defendants to discover and remedy it (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Plaintiff's proof in response failed to raise a triable issue of fact. Although plaintiff indicates that his supervisor told him that some of Northern Trust's employees had complained about a slippery condition on the bathroom floor, no affidavit from the supervisor was provided, nor was any acceptable excuse offered for plaintiff's reliance on the hearsay statement (*see Joseph v Hemlok Realty Corp.*, 6 AD3d 392, 393 [2004]; *see also Cohn v Mayfair Supermarkets,* 305 AD2d 528, 529 [2003]). Moreover, hearsay evidence alone is insufficient to raise a triable issue of fact as to notice of a dangerous condition (*Joseph* at 393; *Duffy v Universal Maintenance Corp.*, 227 AD2d at 238).

Defendants cannot be held liable to plaintiff for an additional reason. This Court has previously held that a maintenance or cleaning worker has no claim at law for injury suffered from a dangerous condition that he or she was hired to remedy (*see Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57, 63 [2006]; *Marku v Moore Capital Mgt.*, 7 AD3d 443, 444 [2004], *lv denied* 3 NY3d 606 [2004]; *Polgano v New York City Educ. Constr. Fund*, 6 AD3d 222 [2004], *lv denied* 3 NY3d 601 [2004]; *see also Kowalsky v Conreco Co.*, 264 NY 125, 129 [1934]).

In this case, plaintiff testified at deposition that his cleaning

responsibilities included wiping down the toilets, changing the toilet paper, mopping the floor and wiping the sink and windows. CBS's director of labor relations also confirmed that part of plaintiff's job duties required him to clean up water on the floor, if such a condition was found to exist. Accordingly, since the water on the bathroom floor was precisely the type of condition that plaintiff was hired to eliminate, his slip and fall on the water cannot give rise to negligence liability against the building defendants. Concur—Buckley, P.J., Andrias, Williams, Gonzalez and Malone, JJ.