In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated May 19, 2011, as granted that branch of the motion of the defendant *932 City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained personal injuries when the vehicle he was operating collided with a vehicle operated by the defendant Timothy Okeefe at an intersection which was governed by a traffic light. The plaintiff, who was traveling eastbound, testified at his deposition that he had the green light when the collision occurred, and Okeefe, who was traveling southbound, testified at his deposition that he had the green light when the collision occurred. The plaintiff commenced this action against the City of New York and Okeefe, alleging, inter alia, that the traffic light was malfunctioning at the time of the accident. The City moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create or have actual or constructive notice of the alleged defective condition of the traffic light at the subject intersection. The Supreme Court granted that branch of the City’s motion, and the plaintiff appeals.
The City established, prima facie, its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of the alleged defect (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Alvarez v Hee Youn Koo, 16 AD3d 442 [2005]). In opposition, the plaintiff submitted a transcript of Okeefe’s deposition. Okeefe testified that shortly after the accident occurred at about 6:50 p.m., a local resident came out of his house and told him that the traffic light had been green for traffic in all directions at the subject intersection, on and off, all day, and that the resident had been calling the police about this condition all day. Contrary to the plaintiffs contention, what Okeefe allegedly heard from the local resident was, in fact, being submitted for the truth of the matter asserted, to wit, that the local resident complained about the allegedly dangerous condition to the police. Contrary to the plaintiffs contention, this testimony constituted hearsay (see Joseph v Hemlok Realty Corp., 6 AD3d 392, 393 [2004]; cf. Quiroa v Ferenczi, 77 AD3d 901 [2010]; Waiters v Northern Trust Co. of N.Y., 29 AD3d 325, 327 [2006]; Dawson v Raimon Realty Corp., 303 AD2d 708 [2003]; Gelpi v 37th Ave. Realty Corp., 281 AD2d 392 [2001]). Hearsay evidence alone is insufficient to raise a triable issue of fact as to notice of a dangerous condition (see Waiters v Northern Trust Co. of NY., 29 AD3d at 327).
The plaintiffs remaining contentions are without merit.
*933 Accordingly, since the plaintiff failed to raise a triable issue of fact, the Supreme Court properly granted that branch of the City’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.E, Chambers, Roman and Hinds-Radix, JJ, concur.