■ Roderic Wachovsky, Appellant, v City of New York et al., Respondents. [997 NYS2d 145]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated April 17, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a slippery substance

on a stairwell at a public high school in Brooklyn, where he worked. The plaintiff subsequently commenced this action against the defendants City of New York and the New York City Department of Education, and the defendants moved for summary judgment dismissing the complaint, contending that they did not create, or have actual or constructive notice of, the alleged hazardous condition. The Supreme Court granted the motion.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie case showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Bruk v Razag, Inc.*, 60 AD3d 715, 715 [2009] [internal quotation marks omitted]; *see Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599 [internal quotation marks omitted]; *see Braudy v Best Buy Co., Inc.*, 63 AD3d 1092, 1092 [2009]).

Here, the defendants submitted evidence in support of their motion which included the deposition testimony of the subject school's custodian engineer that neither he nor any member of his staff was ever made aware of any slippery condition in the subject stairwell prior to the accident, as well as the testimony of a health aide that there was no slippery substance on the stairwell when he used it approximately three hours prior to the accident. The defendants' evidence was sufficient to establish, prima facie, that they did not create or have actual or constructive notice of the alleged hazardous condition (*see Gadzhiyeva v Smith*, 116 AD3d 1001, 1002 [2014]; *Hernandez v New York City Hous. Auth.*, 116 AD3d 662, 662-663 [2014]; *Berardi v Incorporated Vil. of Garden City*, 115 AD3d 631, 631-632 [2014]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiff's deposition testimony that another school employee told him that she had previously reported the slippery condition

to unnamed custodial staff, constituted hearsay (*see Salazar v City of New York*, 104 AD3d 931, 932 [2013]). While hearsay evidence may be submitted in opposition to a motion for summary judgment, it is insufficient, standing alone, to raise a triable issue of fact as to notice of a dangerous condition (*see id.*).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Hall, Roman and Maltese, JJ., concur.