■ ANTHONY BRACCO, Individually and as Administrator of the Estate of MICHELLE BRACCO, Deceased, Respondent, v NU IMAGE ASSOCIATES GROUP, INC., Doing Business as NU IMAGE

CONSTRUCTION, et al., Defendants, and RR PLUMBING SERVICES CORPORATION, Doing Business as RR PLUMBING ROTO-ROOTER, et al., Appellants. [16 NYS3d 292]—In an action, inter alia, to recover damages for wrongful death, etc., the defendants RR Plumbing Services Corporation and Peter Koenig appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered January 31, 2014, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 5, 2012, Michelle Bracco (hereinafter the decedent) died of carbon monoxide poisoning in her home caused by a gas generator that was left running inside of her home's closed garage following Superstorm Sandy. Thereafter, the decedent's son, both individually and as administrator of the decedent's estate, commenced this action against, among others, RR Plumbing Services Corporation and its employee, Peter Koenig (hereinafter together the defendants), alleging that Koenig had used the generator in the course of his plumbing work at the decedent's home on the day of her death and then failed to turn it off before closing it inside of the decedent's garage, causing her home to fill with carbon monoxide. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting an affidavit from Koenig stating that the generator was already operating inside of the decedent's garage when he arrived at her home, that he did not manipulate or change the settings on the generator, and that he did not close the garage door when he left (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010]). Contrary to the defendants' contention, however, the affidavits of the plaintiff and the decedent's neighbor submitted by the plaintiff in opposition provided sufficient evidence to raise a triable issue of fact (*see Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986]; *Freeman v Rock-Hil-Uris, Inc.*, 30 NY2d 742, 743 [1972]; *cf. Wachovsky v City of New York*, 122 AD3d 724, 726 [2014]; *Zalot v Zieba*, 81 AD3d 935, 936 [2011]; *Johnson v Sniffen*, 265 AD2d 304, 304 [1999]). These affidavits provided evidence that Koenig used the generator in the decedent's garage in the hours preceding

her death and that Koenig was the person who closed the garage door. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.