Country-Wide Ins. Co. v Metro Pain Specialists Professional Corp. (2022 NY Slip Op 06865)

Country-Wide Ins. Co. v Metro Pain Specialists Professional Corp.

2022 NY Slip Op 06865

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 657472/19 Appeal No. 16770 Case No. 2022-00875 

[*1]Country-Wide Insurance Company, Plaintiff-Respondent,
v
Metro Pain Specialists Professional Corporation, et al., Defendants-Appellants, Maria Aguilar et al., Defendants.

The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for appellants.
Jaffe & Velazquez, LLP, New York (Thomas Torto of counsel), for respondent.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered on or about September 24, 2021, which granted plaintiff Country-Wide Insurance Company's motion for summary judgment and declared that it owes no further duty to defendants to pay any no-fault claims with respect to a specified motor vehicle accident involving defendant Maria Aguilar, unanimously affirmed, without costs.
Country-Wide satisfied its prima facie burden of showing that it exhausted the policy by submitting the policy declaration page, an affidavit by its no-fault claim supervisor responsible for Aguilar's claim, and the payment ledger showing that it had paid out $50,000 to Elmhurst Hospital Center by May 21, 2018. Country-Wide was under no further obligation to pay defendants once the policy limits were exhausted (see Countrywide Ins. Co. v Sawh, 272 AD2d 245, 245 [1st Dept 2000]). Contrary to defendants' contention, the affidavit by the no-fault claim supervisor, who had personal knowledge of the claim file and the procedures for processing no-fault claims, was sufficient to lay a foundation for admission of the documents as business records under CPLR 4518(a) (see DeLeon v Port Auth. of N.Y. and N.J., 306 AD2d 146, 146 [1st Dept 2003]).
In response to Country-Wide's prima facie showing, defendants submitted no evidence at all, much less evidence sufficient to establish the existence of material issues of fact requiring a trial (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Furthermore, we reject defendants' suggestion that Country-Wide was required to show that it complied with 11 NYCRR 65-3.15's priority of payment rule to make its prima facie case, as defendants did not raise the issue as an affirmative defense in their answer although the answer contained more than 20 other affirmative defenses (see generally MAC Mtge., LLC v Coombs, 191 AD3d 37, 50 [2d Dept 2020]; Aimatop Rest. v Liberty Mut. Fire Ins. Co., 74 AD2d 516, 517 [1st Dept 1980]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022