Kirton v City of New York (2025 NY Slip Op 00046)

Kirton v City of New York

2025 NY Slip Op 00046

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, JJ. 

Index No. 104534/09 Appeal No. 3424 Case No. 2023-06191 

[*1]Denise Kirton et al., Plaintiffs-Appellants,
v
The City of New York, Defendant-Respondent, Adult Service, Corp., et al, Defendants.

Charles Nathan, Bronx, for Denise Kirton, appellant.
G. Wesley Simpson PC, Brooklyn (G. Wesley Simpson of counsel), for Junior Eversley, appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about August 21, 2023, which granted defendant The City of New York's motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.
The City demonstrated prima facie that it neither created nor had actual or constructive notice of the dangerous condition at the intersection caused by the completely nonfunctioning traffic signals before the accident (see Kohn v City of New York, 69 AD3d 463, 463 [1st Dept 2010]; Regan v City of New York, 127 AD3d 843, 844 [2d Dept 2015]; Salazar v City of New York, 104 AD3d 931, 932 [2d Dept 2013]). The City was not required to plead lack of notice as an affirmative defense since notice is an element of plaintiffs' negligence claims and, in any event, the City's answers denied the allegations of notice in plaintiffs' complaints (see Agro v Olivieri, 226 AD3d 734, 735 [2d Dept 2024]). The City provided a proper foundation for admission of the Department of Transportation's (DOT) records, including the traffic maintenance log and repair entry screen, as business records pursuant to CPLR 4518 (see Board of Mgrs. of the Nolita Place Condominium v Texas Entertainment LLC, 222 AD3d 577, 578 [1st Dept 2023]). Contrary to plaintiffs' contention, the record searcher's averments that she was employed by DOT and had personal knowledge of DOT's records and procedures for preserving and maintaining them in the ordinary course of DOT's business was sufficient to lay a foundation for the admission of the documents as business records under CPLR 4518(a) (see Country-Wide Ins. Co. v Metro Pain Specialists P.C., 211 AD3d 403, 403-404 [1st Dept 2022]; Marina Towers Assoc., L.P. v Yu, 177 AD3d 469 [1st Dept 2019]).
The DOT record searcher's affidavit and the traffic signal maintenance log show that no complaints were received by the City concerning the subject traffic light and no repairs were made to the subject traffic light in the two months before the accident. The traffic signal log shows that on the day of the accident, at 8:49 a.m., a citizen notified DOT that there were no lights working at the subject intersection. Since plaintiffs allege that the accident happened at about 7:30 a.m., the City established that it did not receive notice until over an hour after the accident and therefore that its employees did not have enough time to become aware of the outage and repair it or assign a police officer to the intersection before the accident. In opposition, plaintiffs failed to raise a triable issue of fact. Their reliance on testimony of DOT witnesses concerning how the traffic light's computer would provide notice is insufficient and speculative, given the absence of any evidence that notice was received by DOT by any means other than the citizen complaint.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025