CRC Ins. Servs., Inc. v Kullman (2025 NY Slip Op 06688)

CRC Ins. Servs., Inc. v Kullman

2025 NY Slip Op 06688

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-06098
 (Index No. 57257/19)

[*1]CRC Insurance Services, Inc., respondent,
v
Alexander Kullman, appellant.

Kudman Trachten Aloe Posner LLP, New York, NY (Gary Trachten and David N. Saponara of counsel), for appellant.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York, NY (Jamie Haar and Marc-Joseph Gansah of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated December 7, 2023. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the first cause of action and on his counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 1999, the defendant entered into an agreement with a predecessor of the plaintiff to be employed as an executive vice president (hereinafter the employment agreement). Pursuant to the employment agreement, if the defendant was discharged without cause, he was entitled to receive a severance amount of at least one year of his base salary in addition to other payments. In June 2012, the defendant executed a promissory note in favor of a different predecessor of the plaintiff in the principal sum of $3,750,000. The promissory note provided, among other things, that so long as the defendant's employment was not terminated for cause, the principal amount and accrued and unpaid interest thereon would be forgiven in certain annual increments. In October 2018, the plaintiff terminated the defendant's employment.
In May 2019, the plaintiff commenced this action, alleging, inter alia, that it terminated the defendant's employment for cause and that, therefore, the defendant was liable to the plaintiff for the outstanding principal and unpaid and accrued interest on the promissory note. The defendant interposed an amended answer and asserted counterclaims alleging, among other things, that the plaintiff did not terminate his employment for cause and that, therefore, the plaintiff breached the employment agreement by failing to pay him severance compensation and commissions. Thereafter, the defendant moved for summary judgment dismissing the complaint and on his counterclaims. In an order dated December 7, 2023, the Supreme Court, inter alia, denied those branches of the defendant's motion which were for summary judgment dismissing the first cause of action, alleging breach of the promissory note, and on his counterclaims. The defendant appeals.
Pursuant to a choice-of-law provision, the employment agreement was to be "construed, interpreted and governed" in accordance with California law. Under California law, "[t]he elements of a cause of action for breach of contract include the existence of a contract, the plaintiff's performance or excuse for non-performance, the defendant's breach, and resulting damages to the plaintiff" (J.B.B. Inv. Partners Ltd. v Fair, 37 Cal App 5th 1, 9, 249 Cal Rptr 3d 368, 377). Here, the employment agreement defined "[f]or [c]ause" to include termination due to "fraud, dishonesty, or willful or reckless misconduct (including, without limitation, engaging in conduct that is or may be unlawful or disreputable, to the possible detriment of [the plaintiff's predecessor] or any affiliate) in the performance of [the defendant's] duties." The defendant made a prima facie showing that his employment was not terminated for cause. In opposition, the plaintiff submitted an affidavit of Stefani Petty, an individual providing human resources support to the plaintiff. In her affidavit, Petty averred, among other things, that an investigation was conducted in response to complaints that the defendant had engaged in unethical and retaliatory behavior, had made inappropriate and discriminatory comments, and had engaged in conduct that violated the policies and procedures of the plaintiff's predecessor. Petty averred that, based on the results of this investigation, the defendant's employment was terminated for cause. This affidavit was sufficient to raise a triable issue of fact as to whether the defendant's employment was terminated for cause pursuant to the terms of the employment agreement. Contrary to the defendant's contention, this affidavit did not constitute hearsay, as it was not admitted to prove that the defendant had engaged in the complained-of conduct, but instead, to prove that the plaintiff received complaints regarding the defendant's conduct, conducted an investigation based on these complaints, and terminated the defendant's employment based on the results of the investigation (see Papa v Sarnataro, 17 AD3d 430, 432; Dawson v Raimon Realty Corp., 303 AD2d 708, 709). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment on his counterclaim to recover damages for breach of the employment agreement.
Similarly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment on his counterclaim to recover damages for violations of Labor Law §§ 191 and 193, as Petty's affidavit raised triable issues of fact as to whether the plaintiff owed the defendant severance compensation and commissions.
The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the first cause of action, alleging breach of the promissory note. Pursuant to the promissory note's choice-of-law provision, it was to be governed and construed in accordance with Texas law. Under Texas law, "[t]he elements of a breach of contract claim are (1) the existence of a valid contract between plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach" (Gaspar v Lawnpro, Inc., 372 SW3d 754, 757 [Tex App]). Here, under the terms of the promissory note, termination for cause included termination due to the defendant's conduct in engaging in "gross negligence, intentional misconduct or personal dishonesty" in the course of his employment. The defendant made a prima facie showing that his employment was not terminated for cause as defined by the promissory note. In opposition, the plaintiff relied on Petty's affidavit, which raised a triable issue of fact as to whether the defendant's employment was terminated for cause. Accordingly, the court properly denied that branch of the defendant's motion which was for summary judgment dismissing the first cause of action, alleging breach of the promissory note.
The defendant's remaining contentions are improperly raised for the first time on appeal.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court